IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAJI MOHAMMAD, individually and :
as Administratix of the ESTATE of :
HAKIM JACKSON, Deceased :
         Plaintiff, :    CIVIL ACTION
          :    No.  11-5004
      v. :
        :
JOHN DOE PENNSYLVANIA STATE :
POLICE SUPERVISERS, ET AL. :
         Defendants. :
          :

## ORDER

AND NOW, this ___ day of December, 2011, upon consideration of Plaintiff's

Motion for Leave to File a Second Amended Complaint, it is hereby **ORDERED** and

**DECREED** that said Motion is **GRANTED** and Plaintiff is granted leave to file a Second

Amended Complaint within ten (10) days of the date of this Order.


BY THE COURT:

_____
Jones, II, C. Darnell  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAJI MOHAMMAD, individually and | : | |
| as Administratix of the ESTATE of | : | |
| HAKIM JACKSON, Deceased | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 11-5004 |
| v. | : | |
| | : | |
| JOHN DOE PENNSYLVANIA STATE | : | |
| POLICE SUPERVISERS, ET AL., | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and by and through his undersigned counsel, hereby asks this Court to grant him leave to file a Second Amended Complaint in this matter.  In support of the Motion, Plaintiff files the Memorandum of Law attached hereto.

RESPECTFULLY SUBMITTED,

**TUCKER LAW GROUP, LLC**

/s/ Kathleen Kirkpatrick

By:     Joe H. Tucker, Jr., Esquire
        Yvonne Barnes Montgomery, Esquire
        Kathleen Kirkpatrick, Esquire
        One Penn Center at Suburban Station
        1617 JFK Blvd., Suite 1700
        Philadelphia, PA  19103
        (215) 875-0609
        **Attorneys for Plaintiff**

Dated:  December 1, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAJI MUHAMMAD, individually and    :
as Administratix of the ESTATE of   :
HAKIM JACKSON, Deceased            :
                Plaintiff,    :     CIVIL ACTION
                              :     No.  11-5004
            v.    :
                              :
JOHN DOE PENNSYLVANIA STATE    :
POLICE SUPERVISERS, ET AL.,    :
             Defendants.    :

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff hereby submits this Memorandum of Law in support of his Motion for Leave to File a Second Amended Complaint.

## I.   BACKGROUND

This action arises from the death of Plaintiff's son, Hakim Jackson, after being subjected to a brutal beating by Pennsylvania State Troopers, followed by medical malpractice at Crozer-Chester Medical Center, where he was transported after the beating for medical treatment.  Pennsylvania State Troopers violently beat and battered the decedent after a traffic stop of the motor vehicle in which he was a passenger. As a result of the beating, the decedent was emergently transported to Defendant, Crozer-Chester Medical Chester, and assigned to the care of Defendant, Kristin Varacalli ("Varacalli"), a medical intern.  The decedent passed approximately one day later and shortly after Varacalli and the medical professionals at Crozer-Chester Medical Center took the instruction of law enforcement to reverse the decedent's medically induced sedation in order to effectuate an arraignment.  The decision to reverse the decedent's

sedation offered no medical benefit whatsoever, but rather, was made based upon collusion with law enforcement, ultimately leading to the decedent's unnecessary and untimely demise.

The Complaint in this matter was filed on August 3, 2011 (Docket Number ("Doc No.") 1) (See Exhibit "A", Complaint) and an Amended Complaint (Doc No. 23) (See Exhibit "B", Amended Complaint) was filed on September 21, 2011. Both Complaints assert, *inter alia.*, Civil Rights Violations under 42 U.S.C. § 1983 against named and unnamed individuals. The unnamed and unknown individuals were identified as "John Doe" (hereinafter "John Doe Defendants"). The John Doe Defendants are the Pennsylvania State Troopers who beat the decedent; the supervisors of these Troopers; members of law enforcement responsible for supervising, instructing, training, counseling and/or disciplining of these Troopers; the medical professionals responsible for the decedent's care at the time of the malpractice; and the law enforcement individuals who interfered with and dictated the decedent's medical care at Crozer-Chester Medical Center.

After the filing of the Complaints, Plaintiff conducted discovery and diligently sought the information needed to properly identify the John Doe Defendants. As explained in a letter to the Court on September 22, 2011, attached hereto as Exhibit "C", a Second Amended Complaint is necessary as Plaintiff received information and records through discovery that aided in identifying the proper defendants. Indeed, the materials received from the Pennsylvania State Police, Crozer-Chester Medical Center and Varacalli have offered additional information and led Plaintiff to issue numerous subpoenas for records and depositions.

The information obtained through discovery has allowed Plaintiff to identify the following individuals as defendants, and as substitutes for the currently named John Doe Defendants:  1) Hussein Kiliddar, M.D.; 2) Dawn Salvucci, R.N.; 3) Pennsylvania State Trooper Joseph Yingling; 4) Pennsylvania State Trooper Michael McKeon; 5) Pennsylvania State Trooper Jason Zachariah; 6) Pennsylvania State Police Commissioner Frank Pawlowski (former); 7) Major John Laufer; 8) Trooper Commander David Young; and 9) Corporal Robert Reilly (former).  Plaintiff's proposed Second Amended Complaint is attached hereto as Exhibit "D."

More specifically, and as alleged in the proposed Second Amended Complaint, Dr. Hussein Kiliddar ("Dr. Kiliddar") was the attending physician at Crozer-Chester Medical Center responsible for the care of the decedent at the time of the malpractice, and the supervisor of Varacalli at the time that Varacalli instructed the nurses, including Dawn Salvucci, R.N., to reverse the sedation. Id. at ¶¶ 37-49.  Dr. Kiliddar was identified as the attending physician on duty at the time of the malpractice by Crozer-Chester Medical Center in answers to Interrogatories and via letter from counsel.  See Exhibit "E", letter from counsel identifying Dr. Kiliddar and agreeing to substitute him as a John Doe Defendant.  Indeed, counsel for Crozer-Chester Medical Center agreed to allow Dr. Kiliddar to be substituted for the "John Doe Attending" currently identified in the Complaints, and to accept service on his behalf. Id.

Dawn Salvucci, R.N. ("Nurse Salvucci") is also sought to be added to this action for committing nursing malpractice.  Nurse Salvucci negligently accepted and administered the orders of Varacalli and/or Dr. Hussein to reverse the sedation, despite knowing that there was no medical necessity to do so and that it could detrimentally

impact the decedent's life. See Exhibit "D" at ¶¶ 38-50.   Additionally, Nurse Salvucci acted in concert with the law enforcement individuals to reverse the decedent's sedation and wake him for arraignment. Id. at ¶¶ 113-123.

Regarding Troopers Joseph Yingling and McKeon, their depositions have been taken and they have been identified as the law enforcement individuals who effectuated the traffic stop of the decedent's vehicle, and the violent beating and ultimate demise of the decedent. Id. at ¶¶ 22-29, 106-111, 125-140.   As stated more specifically in the Complaints and proposed Second Amended Complaint, Troopers Yingling and McKeon violated the decedent's civil rights by using excessive force.  Id.

Trooper Jason Zachariah has also been identified as the law enforcement individual who interfered with the decedent's medical care and asked the Crozer-Chester medical professionals to reverse the sedation in order for the decedent to be arraigned. Id. at ¶¶ 113-123.

Former Pennsylvania State Police Commissioner Frank Pawlowski, Major John Laufer, Trooper Commander David Young and Corporal Robert Reilly were all responsible for the supervising, instructing, training, counseling and/or disciplining Troopers Yinging and McKeon.  Their failures allowed the improper actions of Troopers Yingling and McKeon to occur. Id. at ¶¶ 142-147.

All of the newly identified John Doe Defendants have been given notice of this lawsuit and the possibility that they will be named in this action. See Exhibit "F".

The next revision to the Complaints is to include an assertion of Plaintiff's rights for the loss of the custody and maintenance of his son. Id. at count XVII.

The final revision to the Complaints is to correct the spelling of the last name of the Plaintiff to "Muhammad." Id. at p. 1. For these and all of the reasons that follow, Plaintiff respectfully requests that this Court permit him to file the proposed Second Amended Complaint.

## II.   **ARGUMENT**

Leave to file an amended complaint should be liberally granted. Heyl & Patterson Int'l., Inc. v. F.D. Rich Hous. of the V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981). "[C]ourts have shown a strong liberality in allowing amendments under Rule 15(a), which specifically states that leave to amend shall be freely given when justice so requires." Id. According to the Third Circuit:

> In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id. (quoting Foman v. Davis, 371 U.S. at 182).

In this matter involving the ultimate deprivation of rights - one's life - justice so requires that Plaintiff be afforded the opportunity to file a Second Amended Complaint substituting the John Doe Defendants for the actual culpable individuals. As this case is in its beginning stages and there has been no prior ruling by the Court dismissing any part of the previous complaints, there can be no colorable argument that a Second Amendment Complaint should be denied due to delay or repeated failure to cure deficiencies. Instead, Plaintiff seeks to name actual individuals as defendants through

Rule 15(c) of the Federal Rules of Civil Procedure.  Because Plaintiff can meet the

standards set by Rule 15(c) to allow the addition of new parties, the Second Amended

Complaint cannot be said to be futile.

> This Court has made clear the provisions of Rule 15(c):

>> To add or substitute a new party, such as replacing a "John Doe" defendant with a named defendant, the moving party must: [1] establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original pleading; [2] that within the 120-day time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and [3] that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint.

Brown v. City of Phila., 2010 U.S. Dist. LEXIS 44780, at *9 (E.D. Pa. May 7, 2010).  As

an initial matter, because Plaintiff will name the actual individuals responsible for the

actions set forth in the Complaint and Amended Complaint, there can be no dispute that

the Second Amended Complaint will relate to the same conduct, transaction and

occurrence set forth in the original Complaint.

Next, the 120-day time period prescribed by Rule 4(m) ends on December 1,

2011. All John Doe Defendants have been given notice of the action within the 120-day

time period. See Exhibit "E".  Additionally, the John Doe Defendants are all represented

by attorneys who have already entered their appearance in this action, have already

attended and defended depositions and have already participated in discovery.

Specifically, Deputy Attorney General Randell Henzes has represented the

Pennsylvania State Police and all Troopers involved in this action thus far.  Likewise,

Post & Schell, has represented all individuals connected with Crozer-Chester Medical

Center and has already agreed to substitute Dr. Kiliddar for the named "John Doe

Attending" as a party in this matter.  None of the John Doe Defendants can successfully claim they did not have notice of this lawsuit before the time prescribed by Rule 4(m), not only because direct notice was provided to each of the John Doe Defendants, but also since notice is achieved if "the newly-named defendant and original defendant are represented by the same counsel." Blaylock v. Guarini, 2011 U.S. Dist. LEXIS 47323, at *2 (E.D. Pa. May 2, 2011).

For the third prong of the Rule 15(c) test, the notice given to the John Doe Defendants will help to satisfy this as it is an indication of what the John Doe Defendants knew.  As the Supreme Court explained in Krupski v. Costa Crociere S.P.A., 130 S. Ct. 2485 (2010), "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Id. at 2489-90; see also Brown, 2010 U.S. Dist. LEXIS at *18 (notice to a new defendant under Rule 15 may be achieved by deposing or sending a copy of the complaint to the new defendant).  Here, "what the part[ies] knew" is that they would be named in this lawsuit, either by way of taking their deposition or by providing them with a copy of the Complaints.  All of the John Doe Defendants received written notice and copies of the pleadings or were deposed. See Exhibit "F".  The depositions of Troopers Yingling, McKeon, Zachariah and Nurse Salvucci, were taken within the time prescribed under Rule 4(m).  As such, all John Doe Defendants have been put on notice of the possibility of being named in this lawsuit. Id.

Finally, for the reasons set forth above regarding the notice given to the John Doe Defendants of the existence of this lawsuit and the possibility that they

will be named defendants, no prejudice or bad faith exists.  Each John Doe

Defendant was provided with notice of this lawsuit in according with the

applicable time necessary under Rule 4(m) and has had legal representation

through the legal process thus far.  Likewise, no dilatory motives or repeated

delays have occurred.  To the contrary, immediately upon filing suit, Plaintiff

sought extensive discovery in order to properly identify the correct John Doe

Defendants.

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that he be permitted

leave to file the proposed Second Amended Complaint.


                              RESPECTFULLY SUBMITTED,

                              **TUCKER LAW GROUP, LLC**

                              /s/Kathleen Kirkpatrick
                       By:    Joe H. Tucker, Jr., Esquire
                              Yvonne Barnes Montgomery, Esquire
                              Kathleen Kirkpatrick, Esquire
                              One Penn Center at Suburban Station
                              1617 JFK Blvd., Suite 1700
                              Philadelphia, PA  19103
                              (215) 875-0609
December 1, 2011              **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Motion for

Leave to File a Second Amended Complaint to be served via ECF upon the following:

Amalia V. Romanowicz, Esquire
Post & Schell P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
aromanowicz@postschell.com

Joseph J. Santarone, Jr., Esquire
Marshall, Dennehey, Warner, Coleman
& Goggin
620 Freedom Business Ctr., Ste 300
King of Prussia, PA 19406
jjsantarone@mdwcg.com

and served via electronic mail and regular mail upon the following:

Hussein Kiliddar, M.D.
c/o Amalia V. Romanowicz, Esquire
Post & Schell P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
aromanowicz@postschell.com

Dawn Salvucci, M.D.
c/o Amalia V. Romanowicz, Esquire
Post & Schell P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
aromanowicz@postschell.com

Trooper Joseph Yingling
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

Trooper Michael McKeon
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

Trooper Jason Zachariah
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

Pennsylvania State Police Commissioner Frank Pawlowski
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

Major John Laufer
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

Trooper Commander David Young
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

Corporal Robert Reilly
c/o Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov

/s/ Kathleen Kirkpatrick
Kathleen Kirkpatrick

Dated: December 1, 2011