# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAJI MUHAMMAD, individually and as Administratrix of the ESTATE of HAKIM Jackson, Deceased,<br><br>       Plaintiff,<br><br>  v.<br><br>FORMER PENNSYLVANIA STATE POLICE COMMISSIONER FRANK PAWLOWSKI, in his individual capacities, et al.<br><br><br><br>       Defendants. | **CIVIL ACTION**<br><br>No. 2:11-CV-05004-CDJ<br><br>Hon. C. Darnell Jones, II<br><br>JURY TRIAL DEMANDED |

# O R D E R

  **AND NOW**, this _____ day of _____, 2012, upon consideration of the Motion of Defendants Crozer-Chester Medical Center, Kristin Varacalli, M.D., Hussein Kiliddar, M.D., and Dawn Salvucci, R.N. For Leave To File Reply Regarding Motions To Dismiss [Docket Nos. 73 and 74], and any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**, and Moving Defendants are hereby granted leave of Court to file the Reply brief attached to its motion.

            **BY THE COURT:**


            _____
            C. Darnell Jones, II, U.S.D.J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAJI MUHAMMAD, individually and as
Administratrix of the ESTATE of HAKIM
Jackson, Deceased,

                    Plaintiff,

    v.

FORMER PENNSYLVANIA STATE POLICE
COMMISSIONER FRANK PAWLOWSKI, in his
individual capacities, et al.

                  Defendants.

**CIVIL ACTION**

No. 2:11-CV-05004-CDJ

Hon. C. Darnell Jones, II

JURY TRIAL DEMANDED

---

### MOTION OF DEFENDANTS CROZER-CHESTER MEDICAL CENTER, KRISTIN VARACALLI, M.D., HUSSEIN KILIDDAR, M.D., AND DAWN SALVUCCI, R.N. FOR LEAVE TO FILE REPLY REGARDING MOTIONS TO DISMISS [DOCKET NOS. 73 AND 74]

Moving Defendants, CROZER-CHESTER MEDICAL CENTER, KRISTIN VARACALLI, M.D., HUSSEIN KILIDDAR, M.D., AND DAWN SALVUCCI, R.N., by and through their attorneys, Post & Schell, P.C., hereby respectfully request that this Honorable Court, pursuant to its "Policies and Procedures: General Matters, Civil Cases, and Criminal Cases (Revised September 30, 2011)" grant Moving Defendants leave to file a Reply to Plaintiff's Oppositions to their Motions to Dismiss (Docket No. 73 and 74). Per the Court's Policies and Procedures, a copy of the proposed Reply is attached hereto as Exhibit "A".

Moving Defendants request leave to file this Reply to specifically address Plaintiff's opposition to their argument on the mistake requirement of Rule 15(c). None of the cases relied upon by Plaintiff support Plaintiff's argument. Further, Plaintiff's opposition does not identify a mistake by Plaintiff regarding Dawn Salvucci, R.N. Plaintiff seems to argue that a claimed lack of knowledge regarding Dawn Salvucci constitutes his mistake; however, it is clear that Plaintiff

made a fully informed decision not to assert allegations against Dawn Salvucci, R.N. in the original pleading.  The Reply will show there was no mistake based on "lack of knowledge" on the part of Plaintiff and that the case law relied upon by Plaintiff does not support the addition of Nurse Salvucci as a defendant when (1) she was never identified as a defendant before the expiration of the two-year statute of limitations, and received no notice of a claim or complaint against her before the statute of limitation expired, and (2) the relation back doctrine does not apply to Plaintiff's request to add Nurse Salvucci as a defendant in this case.  With respect to all other arguments raised in their Motions to Dismiss, Moving Defendants rest on the strength of their moving papers.

**WHEREFORE**, Moving Defendants, CROZER-CHESTER MEDICAL CENTER, KRISTIN VARACALLI, M.D., HUSSEIN KILIDDAR, M.D., AND DAWN SALVUCCI, R.N., respectfully requests that this Honorable Court grant their motion for leave to file a Reply, and enter the attached form of order.

DATED: Jan. 20 2012      BY: _____

**AMALIA ROMANOWICZ, ESQUIRE**
**A. BRYAN TOMLINSON, ESQUIRE**
**POST & SCHELL, P.C.**
**FOUR PENN CENTER**
**1600 JOHN F. KENNEDY BLVD.**
**PHILADELPHIA, PA  19103**
**PHONE:  (215) 587-1000**
**FAX:  (215) 587-1444**
**AROMANOWICZ@POSTSCHELL.COM**
**BTOMLINSON@POSTSCHELL.COM**

*ATTORNEYS FOR DEFENDANTS,*
*CROZER CHESTER MEDICAL CENTER,*
*KRISTIN VARACALLI, D.O., DAWN*
*SALVUCCI, R.N., and HUSSEIN*
*KILIDDAR, M.D.*

# Exhibit "A"
## (Proposed Reply Brief)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NAJI MUHAMMAD, individually and as Administratrix of the ESTATE of HAKIM Jackson, Deceased, | : : : : | **CIVIL ACTION** |
| Plaintiff, | : : | No. 2:11-CV-05004-CDJ |
| v. | : : | Hon. C. Darnell Jones, II |
| FORMER PENNSYLVANIA STATE POLICE COMMISSIONER FRANK PAWLOWSKI, in his individual capacities, et al. | : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : : | |

### REPLY OF DEFENDANTS CROZER-CHESTER MEDICAL CENTER, KRISTIN VARACALLI, M.D., HUSSEIN KILIDDAR, M.D., AND DAWN SALVUCCI, R.N. IN SUPPORT OF MOTIONS TO DISMISS [DOCKET NOS. 73 AND 74]

Moving Defendants, CROZER-CHESTER MEDICAL CENTER, KRISTIN VARACALLI, M.D., HUSSEIN KILIDDAR, M.D., AND DAWN SALVUCCI, R.N., by and through their attorneys, Post & Schell, P.C., hereby submit a Reply in support of their Motions to Dismiss [Docket Nos. 73 and 74].

Without providing any on point legal authority, Plaintiff asks this Court to allow claims against a new defendant (Dawn Salvucci, R.N.) to relate back to the original Complaint based on Rule 15(c), without Plaintiff making any initial mistake with respect to identifying that defendant. Plaintiff's proposed approach would render Rule 15(c)(1)(C)(ii) entirely meaningless.

Plaintiff's legal analysis fails to support his position. For example, Plaintiff focuses on four cases to try and support his argument that Plaintiff may add a new party who was never identified, designated, or named before the statute of limitations expired and suggests it routinely

happens.  (*See* Plaintiffs' Opp. to Motion to Dismiss of CCMC, Varacalli and Salvucci at 13, citing *Brown v. City of Philadelphia*, 2010 U.S. Dist. LEXIS 44780 at *9 (E.D. Pa. 2010); *Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc.*, 801 F.Supp. 1450, 1457 (E.D. Pa. 1992); *Taliferro v. Costello*, 467 F. Supp. 33, 34 (E.D. Pa. 1979) and *Heinly v. Queen*, 146 F.R.D. 102, 107 (E.D. Pa. 1993)).  Plaintiff's reliance on these cases entirely misses the point. One of the cases even involves replacing a real party on behalf of a fictitious one.

In *Heinly, Taliferro,* and *Advanced Power Systems*, the mistake requirements were satisfied, but for reasons that do not apply in this case.  *See Heinly*, 146 F.R.D. at 104, 107 (adding new identified police officer defendants **in lieu of "John Doe Officers Q through Z"**; **mistake was** misidentification); *Advanced Power Systems, Inc.*, 801 F.Supp at 1457 (proposed new parties were the owners of the sued corporation and plaintiff in the original case, and as a result **had notice of lawsuit before expiration of the statute of limitations;** new parties should have known **error in legal judgment** resulted in only company being initially sued); *Taliferro*, 467 F. Supp. at 36 (proposed defendant on notice that "joinder was a distinct possibility" **prior to expiration of statute of limitations; mistake was** "plaintiffs' failure to sue the City reflected a narrow view of their causes of action set forth in their Pro se compliant which probably would not have been taken has a lawyer familiar with the legal terrain drawn their first pleading.") These cases do not support Plaintiff's attempt to name a new defendant, Dawn Salvucci, who was (1) never identified by name, description, or designation as a party in the original complaint, (2) not given notice of a complaint against her before the expiration of the two year statute of limitations expired (August 16, 2011), and (3) clearly left out of this case deliberately by Plaintiff.

Unlike these cases, Ms. Salvucci was not misnamed in the Complaint through a fictitious defendant (as in *Heinly*), did not have notice of the lawsuit prior to the expiration of the statute of limitations (as in *Taliferro* and *Advanced Power Systems*), and did not know nor should she have known at that time that Plaintiff was really trying to initiate suit against her (as in *Taliferro* and *Advanced Power Systems*).

Plaintiff's reliance on *Brown* to support the instant addition of a new party defendant is especially misplaced, considering that this Court only held in *Brown* that "the notice requirement of Rule 15(c)(1)(C)(i) has not been met and Plaintiff's proposed amended complaint cannot relate back to the date of the original Complaint." *Brown*, 2010 U.S. Dist. LEXIS at *19. This Court never had a reason or opportunity to consider mistake upon finding that the separate and distinct notice requirement was not demonstrated.

Plaintiff also cites *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d. Cir. 1977). Plaintiff argues this case supports his argument that "district courts do not examine whether the moving party made a literal mistake but rather focus on whether the newly-added party knew or should of known that the lawsuit was intended for him or her." (*See* Plaintiffs' Opp. to Motion to Dismiss of CCMC, Varacalli and Salvucci at 6.)   Yet, <u>Plaintiff points out</u> that the Court reasoned that a fictitious defendant named "Unknown Employee" was named in the Varlack complaint, that the designation referred to the intended defendant, and from that designation the intended defendant knew Plaintiff intended to name him had plaintiff originally knew his identity. (*Id.*)  In the instant matter, Plaintiff did not include such a designation in the original Complaint making a mistake of identity, and the intended defendant (Ms. Salvucci) did not have any reason to believe from the original complaint Plaintiff intended to sue her had he known her identity.  Plaintiff's understanding of Varlack <u>only supports</u> the dismissal of Nurse Salvucci.

The Supreme Court's recent Rule 15 case, *Krupski v. Costa Crociere*, also fails to support Plaintiff's argument. ___ U.S. ___, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010). In *Krupski*, the plaintiff sued the agent of the intended defendant, rather than the intended defendant, alleging it to be the owner, operator, manager, supervisor, and controller of a cruise vessel. *Id.*, 130 S. Ct. 2485 at 2490. The agent, however, was only a sales and marketing agent for the actual carrier and vessel operator, and notified plaintiff of same. *Id.* at 2491. The Supreme Court found that the mistake requirement was satisfied because the plaintiff made a mistake as to the intended defendant's identity (the owner) and, as a result, sued the wrong party. *Id.* at 2494. **In the instant matter, Plaintiff did not sue any person under a mistaken impression they were suing Ms. Salvucci.**

Plaintiff also relies on the Honorable Timothy J. Savage's opinion in *Siciliano v. City of Philadelphia,* 2010 U.S. Dist. LEXIS 78658 (E.D. Pa. 2010). (*See* Plaintiffs' Opp. to Motion to Dismiss of CCMC, Varacalli and Salvucci at 7-8.) Plaintiff's reliance on *Siciliano* is also flawed. In *Siciliano*, a post-*Krupski* case, plaintiff wanted to add six Philadelphia policemen as defendants and avoid the statute of limitations through the relation back doctrine. Central to Judge Savage's decision was the fact that "all of these officers whom the Scilianos seek to add as defendants had notice of the allegations within two years of the incident, that is, prior to the expiration of the statute of limitations." *Siciliano*, 2010 U.S. Dist. LEXIS 78658 at *3-4 and *6. That is not the case here.

The Supreme Court has made sure to clarify the limits of its decision in *Krupski* by reconciling its previous holding with in *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 120 S. Ct. 1579, 146 L. Ed. 2d 530 (2000). The Supreme Court explained:

> Contrary to respondent's claim, Nelson does not suggest that Rule
> 15(c)(1)(C)(ii) cannot be satisfied if a plaintiff knew of the

prospective defendant's existence at the time she filed her original complaint.  **In that case, there was nothing in the initial pleading suggesting that Nelson was an intended party, while there was evidence in the record (of which Nelson was aware) that Adams sought to add him only after learning that the company would not be able to satisfy the judgment.**  This evidence countered any implication that Adams had originally failed to name Nelson because of any "mistake concerning the proper party's identity," and instead suggested that Adams decided to name Nelson only after the fact in an attempt to ensure that the fee award would be paid.  The footnote merely observes that Adams had originally been under **no misimpression** about the function Nelson played in the underlying dispute.  **We said, after all, that Adams knew of Nelson's "role" as well as his existence.**  Read in context, the footnote in Nelson is entirely consistent with our understanding of the Rule:  **When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.**  This conclusion is in keeping with our rejection today of the Court of Appeals' reliance on the plaintiff's knowledge to deny relation back.

*Krupski*, 130 S. Ct. 2485 at 2495-96 (internal citations omitted).  *See also Garvin v. City of Philadelphia*, 354 F.3d 215, 221-22 (3d. Cir. 2003) ("Of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time.")  Plaintiff's opposition does not identify a mistake by Plaintiff regarding Dawn Salvucci, R.N., but it seems Plaintiff is trying to argue that Plaintiff did make a mistake for purpose of Rule 15(c) because Plaintiff claims he had a lack of knowledge regarding Dawn Salvucci.  This simply is not substantiated.  Here, Plaintiff knew of Dawn Salvucci's existence and role.  There was no misimpression regarding her role.  **There was nothing in the original pleading evidencing an intent to name Ms. Salvucci as a defendant**.  This case is the exact distinction and clarification the Supreme Court was making when comparing the circumstances of *Krupski* and *Nelson*.  Ms.

Salvucci was clearly identified as a nurse who cared for Mr. Jackson in the medical record in Plaintiff and his counsel's possession, before the case was initiated, and before the statute of limitations expired.

Plaintiff contends that "Plaintiff became aware of Defendant Salvucci's culpability in Mr. Jackson's death through discovery in this action that occurred after the statute of limitations expired." (*See* Plaintiffs' Opp. to Motion to Dismiss of CCMC, Varacalli and Salvucci at 9.) Plaintiff explains that Dr. Varacalli responded in discovery that: "My understanding is that [sic] nurse whose last name I believe is Salvucci, was advised that the patient was to be arraigned. I do not know the identity of her employer or her address." (*Id.*) Plaintiff also cites another discovery response from Dr. Varacalli noting that Nurse Salvucci informed her of the arraignment. (*Id.* at 10.) Plaintiff also attached a portion of Nurse Salvucci's deposition transcript, where Plaintiff indicates that she testified that she told a physician the patient was going to be arraigned. (*Id.*, Ex. "C".) This is information regarding nurses being involved with Mr. Jackson's care, Mr. Jackson's proposed arraignment, and Nurse Salvucci's role in Mr. Jackson's care and discussion with the physician. This is information that Plaintiff has been aware of, well before the statute of limitations expired. Despite this, no nurse was ever identified in the original Complaint as a named defendant against whom claims were going to be pursued. (*See* Moving Defendants' Motions to Dismiss, Ex. "A", Original Complaint.)

A review of the medical records demonstrates that Plaintiff knew of Nurse Salvucci's identity and knew of her role in Mr. Jackson's care at Crozer-Chester Medical Center. These records had been in Plaintiff's possession since about September 16, 2009, when they were produced by the Hospital in accordance to an "Authorization to Release Medical Records" executed by Plaintiff, Naji Muhammad. (*See* Ex. "1".) A review of the medical records shows

that they contained all of the information that Plaintiff's now claim was first learned through discovery.

Most notable is a very legible and handwritten progress note authored and signed by Dawn Salvucci. She reports on August 15 at 8:30 p.m.: "State trooper at bedside notified me that a judge was on his way to the hospital for bedside arraignment + pt needed to be awake. Pt was given narcan and romazicon to reverse fentanyl + Ativan affect. Pt given narcan x's 4 does + romazicon x 4 doses." (*See* Ex. "2" at Bates No. "Jackson 0232.") The pertinent portion of the medical records **produced by Plaintiff** with his Initial Disclosures **and previously received by Plaintiff in response to the executed authorization in September 2009** is reproduced below for the Court's consideration:



(Exhibit "2" at Bates No. "Jackson 0232". The note is two pages long, and Dawn Salvucci's signature appears on the second page:



(*Id.* at Bates No. "Jackson 0233".)   Dr. Varacalli prepared a Discharge Note which is quoted below:

> Throughout his hospitalization state troopers were present at his bedside as he was in custody.  <u>These police officers than informed nursing that a judge was on his way to the hospital for a beside arraignment and the patient needed to be awake.</u>  The patient was then given Narcan and flumazenil.  However, the patient did not respond.

(*Id.* at Bates "Jackson 0038".)[1]  Finally, Nurse Salvucci is referenced by signature and/or initials on no less than eight (8) physician order sheets (Ex. "2" at Bates Nos. "Jackson 0051-53, 0063-0067), four (4) transfusion request records (*id.* at Bates Nos. "Jackson 0082-0085"), three pages of patient care flowsheets (*id.* at Bates Nos. "Jackson 0104-0106"), and at the end of a two progress notes (*id.* at Bates Nos. "Jackson 0228, and 0232-0233").[2]  These documents show who Dawn Salvucci is, and what her role was in Mr. Jackson's care.  The "Patient Care Flowsheet", for example, identifies Dawn Salvucci's signature and her initials, and shows that Dawn Salvucci was the nurse caring for the patient, who completed information on the flow sheet on August 15, 2009 between 8:00 a.m. through 4:00 p.m.  (*See* Exhibit "2" at "Jackson 0104-0106".)

While Plaintiff argues his discovery revealed information not previously accessible to him, this is not supported by the records.  By comparing what Plaintiff claims he learned in discovery with the medical records available to him for two years, it is quite clear that Plaintiff

---

[1]   Please note that all other irrelevant entries in this note have been redacted for purposes of this motion but will be made available for the Court's review (along with any other portion of the medical chart), in camera, if so requested by the Court.

[2]   Please note counsel has added markings to allow the Court to easily identify the signatures and initials counsel is referring the court to.  Again, irrelevant entries have been redacted for purposes of this motion but will be made available for the Court's review (along with any other portion of the medical chart), in camera, if so requested by the Court.

was well aware of information regarding the nursing care and role of Ms. Salvucci far before the statute of limitations expired.

Thus, there was no mistake. Plaintiff made a decision not to sue the nurses involved with Mr. Jackson's care. This is not a situation where there was a mistake of misidentification or misnomer with respect to Dawn Salvucci. Plaintiff does not argue this to be the case, and it is apparent from the pleadings that Plaintiff did not mistakenly name somebody else (such as a "John Doe Nurse" or a different Crozer-Chester nurse) with the intention of suing Dawn Salvucci. This also is not a situation where there is a lack of knowledge constituting a mistake.

The requirements of Rule 15(c)(1)(C) have not been satisfied and Plaintiff's claims against Dawn Salvucci must be dismissed as barred by the statute of limitations. Based on this and the legal arguments set forth in the Motions to Dismiss, Moving Defendants respectfully request that this Honorable Court grant their motions and provide all the requested relief.[3]

DATED: Jan. 20, 2012          BY: _____

**AMALIA ROMANOWICZ, ESQUIRE**
**A. BRYAN TOMLINSON, ESQUIRE**
**POST & SCHELL, P.C.**
**FOUR PENN CENTER**
**1600 JOHN F. KENNEDY BLVD.**
**PHILADELPHIA, PA  19103**
**PHONE:  (215) 587-1000**
**FAX:  (215) 587-1444**
**AROMANOWICZ@POSTSCHELL.COM**
**BTOMLINSON@POSTSCHELL.COM**

***ATTORNEYS FOR DEFENDANTS,***
***CROZER CHESTER MEDICAL CENTER,***
***KRISTIN VARACALLI, D.O., DAWN***
***SALVUCCI, R.N., and HUSSEIN***
***KILIDDAR, M.D.***

---

[3] While Moving Defendants make additional arguments for dismissal in their motions that Plaintiff has opposed, Moving Defendants will rest on the strength of their moving papers to refute Plaintiff's argument.

## CERTIFICATE OF SERVICE

I, A. Bryan Tomlinson, counsel for Defendants, CROZER-CHESTER MEDICAL CENTER, KRISTIN VARACALLI, M.D., HUSSEIN KILIDDAR, M.D., AND DAWN SALVUCCI, R.N. hereby certify that a copy of the within Motion for Leave to file a Reply was electronically filed with the Court and served electronically by the Court and/or served via First Class U.S. Mail, postage-prepaid, upon counsel of record:

Riley H. Ross, III, Esquire
Kathleen Kirkpatrick, Esquire
TUCKER LAW GROUP, LLC
One Penn Center at Suburban Station
1617 John F. Kennedy Boulevard, Suite 1700
Philadelphia, PA 19103

Randall J. Henzes, Esquire
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
21 S. 12th St., 3rd Fl
Philadelphia, PA 19107-3603

Frank Pawlowski (Unrepresented Party)
112 Biddle Drive
Exton, PA 19341
*Via First Class U.S. Mail,
postage-prepaid ONLY*

Robert Reilly (Unrepresented Party)
Troop K Barracks
1342 W. Baltimore Pike
Media, PA 19063
*Via First Class U.S. Mail,
postage-prepaid ONLY*

DATED: Jan. 20, 2012

BY: _____
AMALIA ROMANOWICZ, ESQUIRE
A. BRYAN TOMLINSON, ESQUIRE
POST & SCHELL, P.C.
FOUR PENN CENTER
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103
PHONE: (215) 587-1000
FAX: (215) 587-1444
AROMANOWICZ@POSTSCHELL.COM
BTOMLINSON@POSTSCHELL.COM

*ATTORNEYS FOR DEFENDANTS,
CROZER CHESTER MEDICAL CENTER
KRISTIN VARACALLI, D.O., HUSSEIN
KILIDDAR, M.D. AND DAWN SALVUCCI,
R.N.*

# Exhibit "1"
## (Authorization Executed by Plaintiff for Release of Medical Records)

**CROZER KEYSTONE**
HEALTH SYSTEM

Killiddar

| | | |
|---|---|---|
| CCMC | Springfield | -6/25 |
| DCMH | | 8/14 ~ 8/16/09 |
| Taylor | | |
| CKHN | Dr. | expired |

19/44

## Authorization to Release Medical Records:

Patient Name: Hakim Karim Jackson   Date: 8-17-09

Social Security Number: _____   Date of Birth: Sep ████

Phone Number (w/ area code): 267~972~0917

I authorize a copy of my health records be sent to:
Name: Naji. Q. muhammad
Address: ████████████████████

Medical Records to be copied and Date(s) of Service 8/14/09

- [✓] Complete medical record (Inpatient, outpatient, Emergency)
- [ ] Laboratory
- [ ] Radiology (report, film)
- [ ] Operative Report
- [ ] Discharge Summary
- [ ] Other:_____
- [ ] Pathology
- [ ] Slides
- [ ] Cath Films

**Special Authorization, Please Read: I DO NOT** give my express permission for the following information to be copied and disclosed. (please check **and** initial)

7092337   MR#

- [ ] HIV related information_____
- [ ] Alcohol/Drug Treatment Information_____
- [ ] Mental Health_____
- [ ] Psychotherapy Notes_____

| BILL TYPE | INFORMATION RELEASED | TRANSACTION# |
|---|---|---|
| APS | D/S | ER/UG |
| DDB | H&P | LAB |
| HH/NB | CONSULT | RADIOLOGY |
| LGL (ODA) | OP REPT | EEG/EMG/EKG |
| PATIENT | PATH/CYTOL | ECHO/STRESS |
| PROJECT | ADMIT NOTE | PT/ST/OT |
| STANDARD | HTW | |
| WG | PSYCH/ADDA | WB REC |
| WK AUTH | | ENTIRE RECORD |
| | | MISC |

**Purpose of Release:** the reason I am asking my records to be copied and sent is:

For mine Recorder   Father Naji

nj. muhmd   ☑ YES  NO   CERTIFIED ___   2/0pgs.

Please Read and Sign Below

♦ I may read or copy any information used or disclosed under this authorization.  I understand that I may ask for a copy of this signed form

♦ I understand there is a charge for copies of records not sent directly to a health care provider :

**Please also complete and read and sign the other side**

200315 (Rev.4/00)

**Jackson 0041**

# Exhibit "2"
## (Pertinent Portions of CCMC Medical Records Produced by Plaintiff)

CROZER-KEYSTONE   PATIENT:       JACKSON, HAKIMI
HEALTH SYSTEM
                  MED REC NO:    ████████████

CROZER

SUMMARY OF DISCHARGE
PAGE 3

Redacted

Throughout his hospitalization state troopers were present at his bedside as he was in custody. These police officers then informed nursing that a judge was on his way to the hospital for a bedside arraignment and the patient needed to be awake. The patient was then given Narcan and flumazenil to reverse the fentanyl and Ativan effects. He was given four doses of Narcan and five doses of flumazenil. However, the patient did not respond. The

Redacted.

**Jackson 0038**

CROZER-KEYSTONE HEALTH SYSTEM

PATIENT: JACKSON, HAKIMI

MED REC NO: 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

CROZER

SUMMARY OF DISCHARGE
PAGE 5



Signature_____    Date:_____
INTENSIVE CARE SPECIALIST

Dictated by:KRISTIN VARACALLI, DO
Dictated:   08/20/2009
Transcribed:08/20/2009  7:04 P
Transcriptionist: cro
Doc#:  1384107
Job #: 000468672
cc:   INTENSIVE CARE SPECIALIST
      One Medical Center Boulevard
      POB II Suite 422
      Upland PA 19013

Original

**Jackson 0040**

# CROZER KEYSTONE
## HEALTH SYSTEM

### PHYSICIAN'S ORDERS

☐ STAT / NOW
(Medications Only)

Jackson, Hakimi

10011986872
JACKSON .HAKIM0 322.621
XXX-XX-2621
09/                          30Y        MED
HOSP INDICATED TO CA 08/14/09
18  W    Y       ERHA ERHA08

| DATE MILITARY | TREATMENT, STUDIES, DIET, VITAL SIGNS, AMBULATORY PRIVILEGES, MEDICATIONS AND IV'S |
|---|---|

**UNACCEPTABLE ABBREVIATIONS**

| Do NOT Use | USE Instead | Do NOT Use | USE Instead |
|---|---|---|---|
| Ug, ug or q.d. | mcg or microgram, Every Day or Daily | Never write a zero by itself after a decimal point (e.g. .2) | NEVER FOLLOW with a zero after a decimal point |
| qod or q.o.d. | Every Other Day | Lack of leading zero (e.g., .2) MS or MSO4 | ALWAYS LEAD with a zero before a decimal point. Morphine Sulfate |
| U IU | Units, International Unit | MS or MSO4, SO4 | Magnesium Sulfate, 100 mistaken for 100, use ml instead, for 3 doses or for 3 days. |

**PLEASE CONSIDER RESUSCITATION STATUS**

ALLERGIES:                                          WEIGHT:

OMT ☐  INDICATED ☐  NOT INDICATED     TYPE:

| 8/15/09 | 0530 | Consult Psych re drug abuse ×89        L Whalen G13 |
|---|---|---|
| 8/17/09 | 0740 | Δ Fentayl 25 mcg ♭ Q2° prn prn                    K Venuam 1597 |
|  |  | FAXED |
| 8/15/09 0558 |  | HD Heloh ♭ 2-IC 25 Ca VT-nose |
|  |  | Salvucci RN  8/15/09  1700 |

FORM 57-0008-42 (REV 2/09)

Jackson 0051



**CROZER KEYSTONE**
HEALTH SYSTEM

PHYSICIAN'S ORDERS
RESTRAINTS
ACUTE — LEVEL MEDICAL / SURGICAL CARE

```
10011986972
JACKSON  HAKIMI
                          B M
097              3OY    XXX-XX-2621
HOSP  STRICATES  TC CA 08/14/09    MED
11                          E0HA ERHAGE
```

**INSTRUCTIONS:**
1. CROSS OUT, DATE, TIME AND INITIAL ANY ORDER NOT WANTED FOR WHICH THERE IS NO BOX.
2. ANY ORDER WITH A BOX MUST BE CHECKED FOR THE ORDER TO BE CARRIED OUT.
3. FILL IN ALL BLANKS UNLESS IT IS PART OF AN UNCHECKED ORDER.
4. STOPPING OF AN ORDER TO BE WRITTEN AS A SPECIFIC NEW ORDER.
5. REORDERING TO BE WRITTEN AS A SPECIFIC NEW ORDER.

| DATE / TIME | TREATMENT MEDICATION & DIET |
|---|---|
| DATE/TIME (MILITARY) | A GENERIC EQUIVALENT DRUG MAY BE DISPENSED UNLESS DRUG NAME IS CIRCLED. |
| 8/13/09 1/00 | **1.** Apply the following restraint: |

1. Apply the following restraint:
   - ☒ Soft wrist ____ bilateral ____ right ____ left
   - ☒ Soft ankle ____ bilateral ____ right ____ left
   - ☐ Hand mitts ____ bilateral ____ right ____ left
   - ☐ Vest     ☐ Non-self release geriatric chair
   - ☐ Belt     ☐ 4 side rails up
   - ☐ Medication _____ dose _____ frequency _____

2. Reason for utilization of restraint:
   - ☒ Patient pulling at tubes or interfering with other devices/treatments
   - ☐ Medically based confusion/agitation — impacts safety of care
   - ☐ Other (specify): _____

   *K Vaaaahi   1577   1108   8/13/09*
   (RN Signature/title/line if verbal order)     MD/DO (date/time)

**Restraint order expires in 24 hours, unless otherwise ordered for a shorter duration.**
**Restraints MAY NOT be ordered as PRN.**

Implementation Record (To be completed by RN):

1. Conservative methods which were unsuccessful:
   - ☐ Provided diversionary activities
   - ☐ Encouraged family to remain with patient
   - ☐ Frequent observations
   - ☐ Other _____

2. Explanation provided to:
   - ☐ Patient     ☐ Family
   - ☒ Patient unable to understand, family not present

3. Restraint applied at *0600* ___ (time)

   *D. Valsecca  RN* _____ RN

FORM ___ (REV. 7/03)

**Jackson 0052**

**CROZER KEYSTONE**
Health System

**Adult Critical Care Sedation and Analgesia**
**PHYSICIAN'S ORDERS**

```
1001198b972
JACKSON ,HAKIMI              B M
09/                          XXX-XX-2621
                   ...ICATED TO CA 08/14/C9
```

| ALLERGIES: | WEIGHT: | HEIGHT: |
|---|---|---|

## Adult Critical Care Sedation and Analgesia Order Sheet

1. Physician MUST review and discontinue ALL previously ordered sedation and analgesia orders. Discontinue the following medications:

   _Ativan prn_    _Fentanyl prn_

2. Monitor pain until patient reaches desired level then monitor every 4 hours.

3. Analgesia (May select continuous infusion and as needed breakthrough dosing for either morphine or fentanyl.)
   **Morphine**
   - ☐ Morphine ___mg IV and followed by ___mg IV every ___hour around the clock.
   - ☐ Morphine continuous IV infusion (1mg/ml) Start at ___mg/hr, may increase infusion by ___mg/hr titrating every ___ to reach a pain score less than 3. Maximum dose ___mg/hr. If dose greater than maximum call physician.
   - ☐ Morphine ___mg IV every ___hr as needed for breakthrough pain to maintain pain score less than 3.
   - ☐ Morphine ___mg IV every ___hr as needed for severe pain (pain score 6-10) to maintain pain score less than 3.
   - ☐ Morphine ___mg IV every ___hr as needed for _____
   **OR**
   **Fentanyl*** (preferred for hemodynamically unstable, renal insufficiency Scr >2, or hepatic insufficiency)
   - ☐ Fentanyl ___mcg IV and followed by ___mcg IV every hour around the clock.
   - ☒ Fentanyl continuous IV infusion (4mcg/ml) Start at _4_ mcg/hr, may increase infusion by _25_ mcg/hr titrating every _1°_ to reach a pain score less than 3. Maximum dose _100_ mcg/hr. If dose greater than maximum call physician.
   - ☐ Fentanyl ___mcg IV every ___hour as needed for breakthrough pain to maintain a pain score less than 3.
   - ☐ Fentanyl ___mcg IV every ___hour as needed for severe pain (pain score 6-10) to maintain a pain score less than 3.
   - ☐ Fentanyl ___mcg IV every ___hour as needed for _____
   Other _____

4. Sedation Level based on Motor Activity Assessment Score (see reverse)
   ☐ Mild Sedation: MAAS 2-3   ☐ Deep Sedation: MAAS 1-2   ☐ Other (specify): _____

5. Monitor sedation until patient reaches desired level then monitor every 4 hours.

6. Sedation (May select continuous infusion and as needed breakthrough dosing for either midazolam or lorazepam.)
   **Midazolam* (Versed®)** used for short-term sedation (less than 72 hours)
   - ☐ Midazolam scheduled IV: ___mg every ___hours.
   - ☐ Continuous IV infusion (1mg/ml) Start Midazolam at ___mg/hr, increase infusion by ___mg/hr titrating every ___ to a designated MAAS Sedation Score. Maximum dose ___mg/hr, if dose greater than maximum call physician.
   - ☐ Midazolam intermittent as needed IV: Midazolam ___mg every ___hours as needed for sedation
   - ☐ Midazolam intermittent as needed IV: Midazolam ___mg every ___hours as needed for _____
   **OR**
   **Lorazepam*^ (Ativan®)** used for long-term sedation (greater than 72 hours)
   - ☐ Lorazepam scheduled IV: ___mg every ___hours
   - ☒ Continuous IV infusion (1mg/ml in D5W) Start Lorazepam at _1_ mg/hr, increase infusion by _1_ mg/hr titrating every _1°_ to a designated MAAS Sedation Score. Maximum dose _5_ mg/hr, if dose greater than maximum call physician.
   - ☐ Lorazepam intermittent as needed IV: Lorazepam ___mg every ___hours as needed for sedation
   - ☐ Lorazepam intermittent as needed IV: Lorazepam ___mg every ___hours as needed for _____
   **OR**
   **Propofol (Diprivan®)** used for short-term sedation (less than 72 hours)
   See propofol order sheet
   Other _____

7. Wake Up Assessment to be completed daily.
   Avoid wake up assessment if FiO₂ > 0.8 or PEEP >12.
   - ☐ Patient's condition does not permit. If unable to be completed on admission to the critical care area, please reassess daily to determine if a wake up assessment can be completed.
   *For titrating morphine, fentanyl, midazolam and lorazepam infusions, administer a bolus dose prior to increasing...

   _8/15/09_          _1100_          _K Vasani_    (597)
   Date              Time            Physician Signature

   P&T 7/05
   Form 1619 (7/05)

   _Salancer RN_
   _8/15/09_
   _1700_

   **Jackson 0053**

## CROZER KEYSTONE
### HEALTH SYSTEM

### PHYSICIAN'S ORDERS

☐ STAT / NOW
(Medications Only)

```
10011986972
JACKSON  HAKIMI              B M
                            XXX-XX-2621
                               MED
```

| DATE | TIME (MILITARY) | TREATMENT, STUDIES, DIET, VITAL SIGNS, AMBULATORY PRIVILEGES, MEDICATIONS AND IVS |
|---|---|---|

**UNACCEPTABLE ABBREVIATIONS**

| Do NOT Use | USE Instead | Do NOT Use | USE Instead |
|---|---|---|---|
| µg, ug or µg | mcg or microgram | Never write a zero by itself after a decimal point (e.g. 2.0) | NEVER FOLLOW with a zero after a decimal point |
| qd or q.d. | Every Day or Daily | | |
| qod or q.o.d. | Every Other Day | Lack of leading zero (e.g. .2) MS or MSO₄ | ALWAYS LEAD with a zero before a decimal point, Morphine Sulfate |
| U | Unit | MgSO₄ | Magnesium Sulfate |
| IU | International Unit | cc | 1cc mistaken for 100, use ml instead, for 3 doses or for 3 days. |

**PLEASE CONSIDER RESUSCITATION STATUS**

ALLERGIES:                                      WEIGHT:

OMT ☐   ☐ INDICATED   ☐ NOT INDICATED   TYPE: ___

(handwritten orders – partially illegible)

**8/15/05** — STAT
Plan: c/s Surgery re: ___ HD catheter and compartment syndrome
↓ ___ to ___ DIC
↑ IVF to 400 m/hr.
repeat CPK at #8:15:00
0.4 mg IV Naloxone Q 2 mins until pt awake The ___
0.2 mg IV Romazicon Q1 mins max of 5 doses
to wake pt the ___
OK to resume sedation p̄ arousement.
FAXED                                    R. Varacalli 1587

**8/15/05** 10:50 — Can't break at 100 m/hr c/ 1 liter.
Please hold 2 unit PRBC.
FAXED                                    R. Varacalli 1571.

**8/15/05** 10:51 — D/c break at 100 m/hr c/ 1 liter
↑ break to 250 ml/hr
p̄ legal dealings, page respiratory for intubation
Vent settings  40/1 Ac/ 500/ 20/5          Resp
4 unit FFP now please
FAXED          Sabowser          R. Varacalli 1571.

FORM# 37-000942 (REV 2/00)

**Jackson 0063**



# CROZER-KEYSTONE
HEALTH SYSTEM

## PHYSICIAN'S ORDERS

☐ STAT / NOW
(Medications Only)

L0011986972
JACKSON ,HAKIMI                    B M
09/                      XXX-XX-2621
                                   MED
H35P  *DICATED TO CA 08/14/09

| DATE | TIME (MILITARY) | TREATMENT, STUDIES, DIET, VITAL SIGNS, AMBULATORY PRIVILEGES, MEDICATIONS AND IV'S |
|------|------|------|

### UNACCEPTABLE ABBREVIATIONS

| Do NOT Use | USE Instead | Do NOT Use | USE Instead |
|------|------|------|------|
| μg, qd or q.d. | mcg or microgram, Every Day or Daily | Never write a zero by itself after a decimal point (e.g. 2.0) | NEVER FOLLOW with a zero after a decimal point |
| qod or q.o.d. | Every Other Day | Lack of leading zero (e.g. .2) MS or MSO₄ | ALWAYS LEAD with a zero before a decimal point, Morphine Sulfate |
| U IU | Units, International Unit | MS or MgSO₄ or, X3d | Magnesium Sulfate, 1cc mistaken for 100, use ml instead, for 3 doses or for 3 days |

### PLEASE CONSIDER RESUSCITATION STATUS

ALLERGIES:                                    WEIGHT:

OMT ☐ INDICATED   ☐ NOT INDICATED   TYPE:

8/15/09   1.15

2 more unit FFP (total 3 of 6) iv          #125
Then re ✓ PT, PTI, INR p transfusm  132,132

K Vancour

FAXED

Salucci RN
8/15/09
1700

# CROZER KEYSTONE
## HEALTH SYSTEM
### PHYSICIAN'S ORDERS

☐ STAT / NOW
(Medications Only)

10011986972
JACKSON, HAKIM                    B M
                        XXX-XX-2621
09/          30Y        MED
HOSP MEDICATED TO GA 08/14/09
IA          /          ERNA ERNA50

| DATE: | TIME (Military) | TREATMENT, STUDIES, DIET, VITAL SIGNS, AMBULATORY PRIVILEGES, MEDICATIONS AND IV'S |

### UNACCEPTABLE ABBREVIATIONS

| Do NOT Use | USE Instead | Do NOT Use | USE Instead |
|---|---|---|---|
| μg, qd or q.d. | mcg or microgram, 'Every Day or Daily | Never write a zero by itself after a decimal point (e.g. 2.0) | NEVER FOLLOW with a zero after a decimal point |
| qod or q.o.d. | Every Other Day | Lack of leading zero (e.g. .2) MB or MSO₄ | ALWAYS LEAD with a zero before a decimal point, Morphine Sulfate |
| U IU | Units, International Unit | MS or MgSO₄ co, XaU | Magnesium Sulfate, 1cc mistaken for 100, use ml instead, or 8 doses or 8 days. |

### PLEASE CONSIDER RESUSCITATION STATUS

ALLERGIES:                                          WEIGHT:

OMT ☐ INDICATED   ☐ NOT INDICATED   TYPE:

| Date | Time | Order |
|---|---|---|
| 8/15/09 | 1120 | Please c/b Dr. Dorr @ HD Cath X142 |
| | | Please c/b Dr. Gibson re: compartment syndrome 143 |
| | | K. Vanalli 1571 |
| 8/15/09 | 1250 | 2 more unit FFP now (total of 8) X144 |
| | | Vit K 10mg IV ○ × now |
| | | c/s Neurosurgery re: hemorrhage |
| | | CT Head STAT r/o bleed. X141 |
| | | K. Vanalli 1571 |
| | | X148 - 161 |
| | | FAXED |
| 8/15/09 | 13:14 | CBC c diff, BMP, Na, Phos, PT, INR, PTT, LFTs, CPK, |
| | | Amylase, lipase now plan. |
| | | and then Q6° X1162, 178 |
| | | K. Vanalli 1571 |
| | 8/15/09 1310 | [signature] 8/15/09 1700 |
| | | Jackson 0995 |

FORM# 37-000942 (REV 2/09)

# CROZER KEYSTONE
### HEALTH SYSTEM

## PHYSICIAN'S ORDERS

☐ STAT / NOW
(Medications Only)

10011986972
JACKSON ,HAKIMI                B M
                                XXX-XX-3621
                                    MED
HOSE EFICATED TO CA 08/14/09

| DATE | TIME | TREATMENT, STUDIES, DIET, VITAL SIGNS, AMBULATORY PRIVILEGES, MEDICATIONS AND IVS |
|------|------|---|
| | | **UNACCEPTABLE ABBREVIATIONS** |

| Do NOT Use | USE Instead | Do NOT Use | USE Instead |
|---|---|---|---|
| ug, qd or q.d. | mcg or microgram, Every Day or Daily | Never write a zero by itself after a decimal point (e.g. 2.0) | NEVER FOLLOW with a zero after a decimal point |
| qod or q.o.d. | Every Other Day | Lack of leading zero (e.g., .2) MS or MSO₄ | ALWAYS LEAD with a zero before a decimal point. Morphine Sulfate |
| U IU | Unit, International Unit | MS or MSO₄ cc, X3d | Magnesium Sulfate, 1cc mistaken for 100, use ml instead, for 3 doses or for 3 days. |

## PLEASE CONSIDER RESUSCITATION STATUS

ALLERGIES:                          WEIGHT:

OMT  ☐ INDICATED   ☐ NOT INDICATED      TYPE:

| 8/15/09 | 13:27 | Please transfuse 2u PRBC Then $\overline{XX}$ 188 type and hold 2 more unit PRBC |
| | | K Vanali 1591 |
| 8/15/09 | 1345 | SW consult re: family contacts needed $\overline{XX}$8 signed |
| 8/15/09 | 14:36 | Quantitative cocaine level #180 |
| | | K Vanali 1577 |
| 8/15/09 9:45P | | Consult NeuroSurg — Stat $\overline{X}$ 18 C Brain edema [hypo] herniating |
| | | H Hue 166₃ |

Sulvicent 8/15/09 500

FORM 57-000342 (REV 2/03)

Jackson 0066



# CROZER KEYSTONE
### HEALTH SYSTEM

## PHYSICIAN'S ORDERS



☐ **STAT / NOW**
(Medications Only)

| DATE | TIME (Military) | TREATMENT, STUDIES, DIET, VITAL SIGNS, AMBULATORY PRIVILEGES, MEDICATIONS AND IV'S |
|------|------|------|

### UNACCEPTABLE ABBREVIATIONS

| Do NOT Use: | USE Instead | Do NOT Use: | USE Instead |
|---|---|---|---|
| μg, qd or q.o.d. | mcg or microgram, Every Day or Daily | Never write a zero by itself after a decimal point (e.g. 2.0) | NEVER FOLLOW with a zero after a decimal point |
| qod or q.o.d. | Every Other Day | MS or MSO₄ | ALWAYS LEAD with a zero before a decimal point. Morphine Sulfate |
| U IU | Units, International Unit | MS or MgSO₄ ... X98 | Magnesium Sulfate. 1cc mistaken for 100, use ml instead. for 3 doses or for 3 days. |

### PLEASE CONSIDER RESUSCITATION STATUS

ALLERGIES:                                          WEIGHT:

OMT ☐   INDICATED ☐   NOT INDICATED ☐   TYPE:

| | | |
|---|---|---|
| 8/15/09  15:15 | Consult - Neurology - stat | K. Varadi |
| 8/15/09  16:08 | Mannitol 19g IV Q6° DK | K. Varadi  1597 |
| 8/15/09  16:18 | Mannitol 19g IV Q6° | K. Varadi  1571 |

FAXED

FORM 37-000041 (REV 2/09)

**CROZER KEYS**
CROZER KEYSTONE HEALTH SYSTEM
FORM 937-000528 (Rev. 7/08)

**TRANSFUSION REQUEST**

CCMH - Raymond Vivacqua, M.D.
SH - Harvey Spector, M.D.
DCMH - Lawrence Mathews, M.D.
TAYLOR - Jeffrey Losee, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER |
|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | |

| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | ACCESSION NUMBER |
|---|---|---|---|
| BARRALL, ELIZABETH M | INTENSIVE CARE SPECI | | 869291 |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. | |
|---|---|---|---|
| A-NEG | NEG | | |

| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
|---|---|---|---|---|
| O-NEG | 22GZ39577 | COMPAT | 08/20/2009 | 08/18/2009 |

| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
|---|---|---|---|---|
| LP RED CE | 250 | | LB | 08/15/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY (TWO) BEFORE STARTING THIS TRANSFUSION.

SIGNATURE ONE: _Sylvia K_
SIGNATURE TWO:

| DATE GIVEN | VOLUME GIVEN | COMMENTS |
|---|---|---|
| 8/15/09 | 250 | |
| TIME STARTED | TIME ENDED | |
| 1300 | 1410 | |

| PRE VITALS | 15 MIN VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 98 | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 113 | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP 20 | RESP | RESP | RESP | RESP | RESP |
| BP 118/36 | | | | | BP |

DETACH

---

CROZER KEYSTONE HEALTH SYSTEM
FORM 937-000528 (Rev. 7/08)

**TRANSFUSION REQUEST**

CCMH - Raymond Vivacqua, M.D.
SH - Harvey Spector, M.D.
DCMH - Lawrence Mathews, M.D.
TAYLOR - Jeffrey Losee, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER |
|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | |

| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | ACCESSION NUMBER |
|---|---|---|---|
| BARRALL, ELIZABETH M | INTENSIVE CARE SPECI | | 869291 |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. | |
|---|---|---|---|
| A-NEG | NEG | | |

| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
|---|---|---|---|---|
| O-NEG | 32GH12652 | COMPAT | 08/19/2009 | 08/18/2009 |

| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
|---|---|---|---|---|
| LP RED CE | 250 | | JW | 08/15/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY (TWO) BEFORE STARTING THIS TRANSFUSION.

SIGNATURE ONE: _Sylvia K_
SIGNATURE TWO:

| DATE GIVEN | VOLUME GIVEN | COMMENTS |
|---|---|---|
| 8/15/09 | 250 | #2 |
| TIME STARTED | TIME ENDED | |
| 1730 | 2000 | |

| PRE VITALS | 15 MIN VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 98AX | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 95 | PULSE 90 | PULSE | PULSE | PULSE | PULSE |
| RESP 17 | RESP | RESP | RESP | RESP | RESP |
| BP 124/40 | BP 122/45 | | | | BP |

DETACH

---

CROZER KEYSTONE HEALTH SYSTEM
FORM 937-000528 (Rev. 7/08)

**TRANSFUSION REQUEST**

CCMH - Raymond Vivacqua, M.D.
SH - Harvey Spector, M.D.
DCMH - Lawrence Mathews, M.D.
TAYLOR - Jeffrey Losee, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER |
|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | |

| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | ACCESSION NUMBER |
|---|---|---|---|
| INTENSIVE CARE SPECI | INTENSIVE CARE SPECI | | 870183 |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. | |
|---|---|---|---|
| A-NEG | | | |

| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
|---|---|---|---|---|
| A-POS | 22XH48478FFP1 | | 08/16/2009 | |

| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
|---|---|---|---|---|
| 24 HOUR T | 306 | | SS | 08/15/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY (TWO) BEFORE STARTING THIS TRANSFUSION.

SIGNATURE ONE: _Sheridan RN_
SIGNATURE TWO: _Susa Owila RN_

| DATE GIVEN | VOLUME GIVEN | COMMENTS |
|---|---|---|
| 8/15/09 | 306 | Jackson 0082 |
| TIME STARTED | TIME ENDED | |
| 2011 | 2050 | |

| PRE VITALS | 15 MIN VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 95.0X | TEMP 95.0X | TEMP | TEMP | TEMP | TEMP |
| PULSE 87 | PULSE 86 | PULSE | PULSE | PULSE | PULSE |
| RESP 89/46 | RESP 108/43 | RESP | RESP | RESP | RESP |
| BP | | | | | BP |

DETACH

**CROZER KEYSTONE HEALTH SYSTEM**
FORM # J7-001430 (Rev. 7/06)

**TRANSFUSION REQUEST**   CCMC - Raymond Vivacqua, M.D.   DCMH - Lawrence Molinaro, M.D.
SH - Harvey Spector, M.D.   TAYLOR - Jeffrey Loose, M.D.

| PATIENT NAME | | LOCATION | | SEX/AGE | MEDICAL RECORD NUMBER | |
|---|---|---|---|---|---|---|
| JACKSON, HAKIMI | | MICU-3 | | M 30Y | | |
| ORDERING PHYSICIAN | | ATTENDING PHYSICIAN | | ACCOUNT NUMBER | | ACCESSION NUMBER |
| INTENSIVE CARE SPECI | | INTENSIVE CARE SPECI | | | | 869845 |
| ABO/RH | ANTIBODY SCREEN | | ANTIBODY ID. | | | |
| A-NEG | | | | | | |
| ABO/RH | UNIT NUMBER | | COMPATIBILITY | | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
| A-POS | 42W63309FFP1 | | | | 08/16/2009 | |
| COMPONENT | VOLUME | UNITS/POOL | | TECH | | DATE |
| 24 HOUR T | 191 | | | JW | | 08/15/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM (#/ITEM) BEFORE STARTING THIS TRANSFUSION.
SIGNATURE ONE ____
SIGNATURE TWO ____

| DATE GIVEN | VOLUME GIVEN | COMMENTS |
| 8/15/09 | .191 | #1 |
| TIME STARTED | TIME ENDED | |
| 12:45 | 1250 | |

| PREVITALS | 1st HR VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 96.DD | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 122 | PULSE | PULSE | PULSE | PULSE | PULSE 117 |

---

DETA__

**CROZER KEYSTONE HEALTH SYSTEM**
FORM # J7-001430 (Rev. 7/06)

**TRANSFUSION REQUEST**   CCMC - Raymond Vivacqua, M.D.   DCMH - Lawrence Molinaro, M.D.
SH - Harvey Spector, M.D.   TAYLOR - Jeffrey Loose, M.D.

| PATIENT NAME | | LOCATION | | SEX/AGE | MEDICAL RECORD NUMBER | |
|---|---|---|---|---|---|---|
| JACKSON, HAKIMI | | MICU-3 | | M 30Y | | |
| ORDERING PHYSICIAN | | ATTENDING PHYSICIAN | | ACCOUNT NUMBER | | ACCESSION NUMBER |
| INTENSIVE CARE SPECI | | INTENSIVE CARE SPECI | | | | 869845 |
| ABO/RH | ANTIBODY SCREEN | | ANTIBODY ID. | | | |
| A-NEG | | | | | | |
| ABO/RH | UNIT NUMBER | | COMPATIBILITY | | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
| A-POS | 22NQ83252FFP1 | | | | 08/16/2009 | |
| COMPONENT | VOLUME | UNITS/POOL | | TECH | | DATE |
| 24 HOUR T | 258 | | | JW | | 08/16/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM (#/ITEM) BEFORE STARTING THIS TRANSFUSION.
SIGNATURE ONE ____
SIGNATURE TWO ____

| DATE GIVEN | VOLUME GIVEN | COMMENTS |
| 8/15/09 | .258 | #2 |
| TIME STARTED | TIME ENDED | |
| 1250 | 1300 | |

| PREVITALS | 1st HR VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 96.3 | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 122 | PULSE | PULSE | PULSE | PULSE | PULSE 111 |
| RESP 20 | RESP | RESP | RESP | RESP | RESP 88 |
| BP 115/40 | BP | BP | BP | BP | BP 118/30 |

DETACH AND CENTER 3x1 REPORT ON TAPE

---

**CROZER KEYSTONE HEALTH SYSTEM**
FORM # J7-001430 (Rev. 7/06)

**TRANSFUSION REQUEST**   CCMC - Raymond Vivacqua, M.D.   DCMH - Lawrence Molinaro, M.D.
SH - Harvey Spector, M.D.   TAYLOR - Jeffrey Loose, M.D.

| PATIENT NAME | | LOCATION | | SEX/AGE | MEDICAL RECORD NUMBER | |
|---|---|---|---|---|---|---|
| JACKSON, HAKIMI | | MICU-3 | | M 30Y | | |
| ORDERING PHYSICIAN | | ATTENDING PHYSICIAN | | ACCOUNT NUMBER | | ACCESSION NUMBER |
| INTENSIVE CARE SPECI | | INTENSIVE CARE SPECI | | | | 869845 |
| ABO/RH | ANTIBODY SCREEN | | ANTIBODY ID. | | | |
| A-NEG | | | | | | |
| ABO/RH | UNIT NUMBER | | COMPATIBILITY | | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
| A-POS | 22FL03678FFP1 | | | | 08/16/2009 | |
| COMPONENT | VOLUME | UNITS/POOL | | TECH | | DATE |
| 24 HOUR T | 242 | | | JW | | 08/16/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM (#/ITEM) BEFORE STARTING THIS TRANSFUSION.
SIGNATURE ONE ____
SIGNATURE TWO ____

| DATE GIVEN | VOLUME GIVEN | COMMENTS |
| 8/15/09 | 242 | #3 |
| TIME STARTED | TIME ENDED | **Jackson 0083** |
| 1300 | 1815 | |

| PREVITALS | 1st HR VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 116 | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP 20 | RESP | RESP | RESP | RESP | RESP |
| BP 122/43 | BP | BP | BP | BP | BP |

DETACH

FORM # J7-001430 (REV. 11/08)

**CROZER KEYSTONE HEALTH SYSTEM**
FORM 37-000525 (Rev. 7/08)

**TRANSFUSION REQUEST**

CCMC – Raymond Vivacqua, M.D.
SH – Harvey Spector, M.D.
DCMH – Lawrence McMahon, M.D.
TAYLOR – Jeffrey Loase, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER | |
|---|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | | ACCESSION NUMBER |
| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | | 869845 |
| INTENSIVE CARE SPECI | INTENSIVE CARE SPECI | | | |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. | | |
|---|---|---|---|---|
| A-NEG | | | | |
| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
| A-NEG | 22FC77514FFP1 | | 08/16/2009 | |
| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
| 24 HOUR T | 301 | | JW | 08/15/2009 |

| I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY ITEM BEFORE STARTING THIS TRANSFUSION. | DATE GIVEN | VOLUME GIVEN | COMMENTS |
|---|---|---|---|
| SIGNATURE ONE  Jaloricci RN | 8/15/09 | 301 | #4 |
| SIGNATURE TWO | TIME STARTED 315 | TIME ENDED 1330 | |

| PREVITALS | 15 MIN VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 108 | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP 22/140 | RESP | RESP | RESP | RESP | RESP |
| BP | BP | BP | BP | BP | BP |

---

**CROZER KEYSTONE HEALTH SYSTEM**
FORM 37-000525 (Rev. 7/08)

**TRANSFUSION REQUEST**

CCMC – Raymond Vivacqua, M.D.
SH – Harvey Spector, M.D.
DCMH – Lawrence McMahon, M.D.
TAYLOR – Jeffrey Loase, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER | |
|---|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | | ACCESSION NUMBER |
| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | | 869845 |
| INTENSIVE CARE SPECI | INTENSIVE CARE SPECI | | | |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. | | |
|---|---|---|---|---|
| A-NEG | | | | |
| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
| A-POS | 22LC71063FFP1 | | 08/16/2009 | |
| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
| 24 HOUR T | 240 | | JW | 08/15/2009 |

| I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY ITEM BEFORE STARTING THIS TRANSFUSION. | DATE GIVEN | VOLUME GIVEN | COMMENTS |
|---|---|---|---|
| SIGNATURE ONE | 8/15/09 | 240 | #5 |
| SIGNATURE TWO  RN | TIME STARTED 1330 | TIME ENDED 1350 | |

| PREVITALS | 15 MIN VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 105 | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP 20 | RESP | RESP | RESP | RESP | RESP |
| BP 117/40 | BP | BP | BP | BP | BP |

---

**CROZER KEYSTONE HEALTH SYSTEM**
FORM 37-000525 (Rev. 7/08)

**TRANSFUSION REQUEST**

CCMC – Raymond Vivacqua, M.D.
SH – Harvey Spector, M.D.
DCMH – Lawrence McMahon, M.D.
TAYLOR – Jeffrey Loase, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER | |
|---|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | | ACCESSION NUMBER |
| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | | 869845 |
| INTENSIVE CARE SPECI | INTENSIVE CARE SPECI | | | |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. | | |
|---|---|---|---|---|
| A-NEG | | | | |
| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
| A-POS | 22FL03680FFP1 | | 08/16/2009 | |
| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
| 24 HOUR T | 207 | | JW | 08/15/2009 |

| I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY ITEM BEFORE STARTING THIS TRANSFUSION. | DATE GIVEN | VOLUME GIVEN | COMMENTS |
|---|---|---|---|
| SIGNATURE ONE | 8/15/09 | 207 | #6 |
| SIGNATURE TWO | TIME STARTED 1350 | TIME ENDED 1400 | Jackson 0084 |

| PREVITALS | 15 MIN VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 108 | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP | RESP | RESP | RESP | RESP | RESP |
| BP 117/40 | BP | BP | BP | BP | BP |

FORM # 37-001430 (REV. 1 1/08)

**TRANSFUSION REQUEST**

DROZER KEYSTONE HEALTH SYSTEM
FORM #07-000326 (Rev. 7/00)

CCMC - Raymond Vincups, M.D.
BH - Harvey Specter, M.D.
DCMH - Lawrence Mathews, M.D.
TAYLOR - Jeffrey Lease, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER |
|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | |

| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | ACCESSION NUMBER |
|---|---|---|---|
| INTENSIVE CARE SPECI | INTENSIVE CARE SPECI | | 869877 |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. |
|---|---|---|
| A-NEG | | |

| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
|---|---|---|---|---|
| A-POS | 22KF97725FFP1 | | 08/16/2009 | |

| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
|---|---|---|---|---|
| 24 HOUR T | 333 | | JW | 08/15/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY THEM BEFORE STARTING THIS TRANSFUSION.

SIGNATURE ONE: Spencer R.N.
SIGNATURE TWO:

| DATE/TIME | 8/15/09 | VOLUME GIVEN | 333 | COMMENTS |
| TIME STARTED | 1545 | TIME ENDED | 1600 | #7 |

| PREVITALS | 1/2 HR VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 93 | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 90 | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP | RESP | RESP | RESP | RESP | RESP |
| BP 127/50 | BP | BP | BP | BP | BP |

---

**TRANSFUSION REQUEST**

DROZER KEYSTONE HEALTH SYSTEM
FORM #07-000326 (Rev. 7/00)

CCMC - Raymond Vincups, M.D.
BH - Harvey Specter, M.D.
DCMH - Lawrence Mathews, M.D.
TAYLOR - Jeffrey Lease, M.D.

| PATIENT NAME | LOCATION | SEX/AGE | MEDICAL RECORD NUMBER |
|---|---|---|---|
| JACKSON, HAKIMI | MICU-3 | M 30Y | |

| ORDERING PHYSICIAN | ATTENDING PHYSICIAN | ACCOUNT NUMBER | ACCESSION NUMBER |
|---|---|---|---|
| INTENSIVE CARE SPECI | INTENSIVE CARE SPECI | | 869877 |

| ABO/RH | ANTIBODY SCREEN | ANTIBODY I.D. |
|---|---|---|
| A-NEG | | |

| ABO/RH | UNIT NUMBER | COMPATIBILITY | UNIT EXPIRATION | CROSSMATCH EXPIRATION |
|---|---|---|---|---|
| A-POS | 22FQ83139FFP1 | | 08/16/2009 | |

| COMPONENT | VOLUME | UNITS/POOL | TECH | DATE |
|---|---|---|---|---|
| 24 HOUR T | 324 | | JW | 08/15/2009 |

I HAVE VERIFIED THE IDENTITIES OF RECIPIENT AND DONOR BLOOD ITEM BY THEM BEFORE STARTING THIS TRANSFUSION.

SIGNATURE ONE: Spencer R.N.
SIGNATURE TWO:

| DATE/TIME | 8/15/09 | VOLUME GIVEN | 324 | COMMENTS |
| TIME STARTED | 1430 | TIME ENDED | | #8 |

| PREVITALS | 1/2 HR VITALS | 1ST HOUR VITALS | 2ND HOUR VITALS | 3RD HOUR VITALS | POST INFUSION |
|---|---|---|---|---|---|
| TEMP 90 | TEMP | TEMP | TEMP | TEMP | TEMP |
| PULSE 90 | PULSE | PULSE | PULSE | PULSE | PULSE |
| RESP 30 | RESP | RESP | RESP | RESP | RESP |
| BP 127/50 | BP | BP | BP | BP | BP |

DETACH AND CENTER 2nd REPORT ON TAPE

**Jackson 0085**

DETACH AND CENTER 3rd REPORT ON TAPE

FORM # 07-000430 (REV. 11/00)

**CROZER-KEYSTONE** Health System

☐ CCMC
☐ SH
☐ TAYLOR

10011986972
JACKSON ,HAKINI               B M
XXX-XX-2621
30Y        MED

### PATIENT CARE FLOWSHEET

DATE: 8/15/09

| FALL RISK ASSESSMENT | ENDO TUBE | EQUIPMENT CHECK |
| --- | --- | --- |

☐ NO RISK

☐ UNSTEADY GAIT   ☐ IMPAIRED MEMORY

☑ WEAKNESS   ☑ HISTORY OF FALLS

POSITION  22@ teeth
SIZE  8.0 ETT
INSERTION DATE  8/15/09

SIGNATURE/TITLE

**PAIN MANAGEMENT**

Ask patient on scale of 0 to 10 (see scale) what number would you give your pain now?

Intervention: (M)edicate (P)osition change (R)elaxation technique
(*) Other specify in Progress Note
Response: (R)esting, pain level 0 - 10

0 Means no pain
5 Means moderate pain
10 Means worst possible pain

| TIME | LEVEL | LOCATION | INT. | INTERV. | INT | TIME | LEVEL | INT. |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 0620 | 3 | c/o Pain all | | M | | | | |
| 1930 | | | | | | | | |

| INITIALS | SIGNATURE FULL NAME & TITLE | INITIALS | SIGNATURE FULL NAME & TITLE | INITIALS | SIGNATURE FULL NAME & TITLE |
| --- | --- | --- | --- | --- | --- |
| DS | D. Dalisucci RN | | A Reddin RN | | |

Jackson 0104



FORM #6493 (REV. 4/00)

# CROZER-KEYSTONE
HEALTH SYSTEM

☐ CCMC
☐ BH
☐ TAYLOR

## PATIENT CARE FLOWSHEET

CODE: ✓  Assessment findings as described
&ast;  Assessment findings not as described: see progress note
NC  No change from previous assessment (This code can only be used by the individual who did the prior assessment, and cannot be used for the first assessment of the day)

DATE: 8/15/09

| SYSTEMS ASSESSMENT | TIME | 0630 | 0800 | 1000 | 1200 | 1400 | 1600 | 1800 | 2000 | 2200 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **NEUROLOGICAL** | | | | | | | | | | | | | | |
| age appropriate orientation | | ✓ | ✓ | n/c | &ast; | n/c | n/c | n/c | K | NC | | | | |
| awake + alert | | ✓ | ✓ | | &ast; | | | | K | | | | | |
| purposeful movement of all extremities | | ✓ | ✓ | | | | | | K | | | | | |
| speech clear and coherent | | &ast; | ✓ | | &ast; | | | | K | | | | | |
| no sensory deficits | | ✓ | ✓ | | ✓ | | | | K | | | | | |
| memory intact | | &ast; | UTA | | UTA | | | | K | | | | | |
| fontanels flat | | | N/A | | &ast; | | | | | | | | | |
| reflexes intact | | | | | &ast; | | | | | | | | | |
| **CARDIOVASCULAR** | | | | | | | | | | | | | | |
| color within normal limits | | ✓ | ✓ | n/c | ✓ | n/c | n/c | n/c | ✓ | | | | | |
| capillary refill brisk | | ✓ | &ast; | | ✓ | | | | K | | | | | |
| no peripheral edema | | &ast; | &ast; | | &ast; | | | | K | | | | | |
| no apical / radial deficit | | ✓ | ✓ | | ✓ | | | | ✓ | | | | | |
| absence of chest pain | | ✓ | UTA | | UTA | | | | ✓ | | | | | |
| no adventitious sounds | | ✓ | | | ✓ | | | | | | | | | |
| **PULMONARY** | | | | | | | | | | | | | | |
| bilateral clear breath sounds | | &ast; | &ast; | n/c | &ast; | n/c | n/c | n/c | ✓ | | | | | |
| bilateral, equal chest expansion | | ✓ | ✓ | | ✓ | | | | ✓ | | | | | |
| breathing not labored | | ✓ | ✓ | | ✓ | | | | | | | | | |
| no stridor | | ✓ | ✓ | | ✓ | | | | | | | | | |
| no retractions | | ✓ | ✓ | | ✓ | | | | | | | | | |
| **GASTROINTESTINAL** | | | | | | | | | | | | | | |
| abdomen soft and non-distended | | ✓ | ✓ | n/c | ✓ | n/c | n/c | n/c | | | | | | |
| active bowel sounds all quadrants | | &ast; | ✓ | | &ast; | | | | K | | | | | |
| abdomen non-tender | | ✓ | ✓ | | &ast; | | | | vag | | | | | |
| absence of nausea/vomiting | | ✓ | ✓ | | ✓ | | | | | | | | | |
| **NUTRITIONAL** | | | | | | | | | | | | | | |
| sucking effectively | | NPO | | n/c | n/c | n/c | n/c | n/c | NPO | | | | | |
| swallows without difficulty | | | NPO | | | | | | | | | | | |
| appetite good (at least ½ tray) | | | | | | | | | | | | | | |
| tolerated ordered diet | | | | | | | | | | | | | | |
| **GENITOURINARY** | | | | | | | | | | | | | | |
| bladder not distended | | (P) | ✓ | n/c | | n/c | n/c | n/c | ✓ | | | | | |
| urine clear and without sediment | | &ast; | ✓ | | &ast; | | | | ✓ | | | | | |
| no burning | | | UTA | | UTA | | | | UTA | | | | | |
| absence of pain | | | UTA | | UTA | | | | vM | | | | | |
| fundus firm | | | | | UTA | | | | | | | | | |
| normal lochia | | | | | N/A | | | | | | | | | |
| **EMOTIONAL / PSYCHOLOGICAL** | | | | | | | | | | | | | | |
| affect normal | | &ast; | &ast; | n/c | &ast; | n/c | n/c | n/c | K | | | | | |
| behavior appropriate | | ✓ | &ast; | | &ast; | | | | K | | | | | |
| coping appropriately | | &ast; | ✓ | | &ast; | | | | | | | | | |
| family coping appropriately | | | | | ✓ | | | | | | | | | |
| **EDUCATIONAL @** | | | | | | | | | | | | | | |
| receptive to learn | | &ast; | &ast; | n/c | &ast; | n/c | n/c | n/c | | | | | | |
| patient's family receptive to learn | | | | | | | | | | | | | | |
| **INITIALS** | | KV | DS | DS | DV | DS | DS | DS | F | | | | | |

@ Refer to Discharge Record to document discharge / transfer planning and educational content taught.

Jackson 0105

## CONSCIOUS SEDATION PAR SCORE

| | PRE SEDATION | 30 MIN | 60 MIN | | |
|---|---|---|---|---|---|
| Time | | | | | Able to move 2 ext. voluntarily / command - 2 ... voluntarily / command - 1 0 ext. voluntarily / command - 0 |
| Activity | | | | | |
| Resp. | | | | | Able to deep breathe / cough freely - 2 Dyspnea or limited breathing - 1 Apnoic - 0 |
| Circ. | | | | | BP ± 20 of Presanesthetic Level - 2 BP ± 20 - 50 of Presanesthetic Level - 1 BP ± 50 of Presanesthetic Level - 0 |
| Cons. | | | | | Fully awake - 2 Arousable on calling - 1 Not responding - 0 |
| Pulse | | | | | ± 20 of base beats - 2 Greater than 20 beats - 1 of Greater than 50 beats - 0 Presanesthetic Level |
| Total | | | | | |
| INIT | | | | | |

DATE: 8/15/09

100119866972
JACKSON HAKIMI                    B M
XXX-XX-2621
09                               MED
HTSE DICATED TC CA 08/14/09
1A     ...PHA  BRHAOB

## SYSTEMS ASSESSMENT

| SYSTEMS ASSESSMENT (unit) TIME | 0430 | 0800 | 1000 | 1200 | 1400 | 1600 | 1800 | 2000 | 2200 |
|---|---|---|---|---|---|---|---|---|---|
| **DEVELOPMENTAL** | | | | | | | | | |
| family called / visited | | n/c | n/c | n/c | n/c | n/c | | | N |
| family dynamics appropriate | | | | | | | | | |
| age appropriate behavior | ✗ | ✳ | | | | | | ✗ | |
| **INTEGUMENTARY** | | | | | | | | | |
| good skin turgor | ✗ | ✳ | | | | | | ✗ | |
| skin dry and intact | ✗ | ✓ | | | | | | ✗ | |
| moist mucous membranes | ✗ | ✳ | | | | | | ✗ | |
| no redness | ✗ | ✳ | | | | | | ✗ | |
| no breakdown | | | | | | | | | |
| breasts soft & non tender | | | | | | | | | |
| **INITIALS** | | DS DS | DS DS | | DS | DS | DS | | |

## WOUND ASSESSMENT

| TIME | 0800 | 0800 | 2000 | TIME | |
|---|---|---|---|---|---|
| WOUND #1 TYPE | Abrasions | coccymc | Ⓑ shoulder | WOUND #3 TYPE | |
| SIZE | all over body | area over Ⓡ | ecchymotic | SIZE | |
| STAGE/DEPTH | | over Ⓡ | + swollen | STAGE/DEPTH | |
| EXUDATE | body | shoulder | | EXUDATE | |
| ODOR | | | | ODOR | |
| S/SX INFECTION | | | | S/SX INFECTION | |
| WOUND #2 TYPE | | | Multiple | WOUND #4 TYPE | |
| SIZE | | | abrasions | SIZE | |
| STAGE/DEPTH | | | | STAGE/DEPTH | |
| EXUDATE | | | 3 abrasions | EXUDATE | |
| ODOR | | | on both | ODOR | |
| S/SX INFECTION | | | | S/SX INFECTION | |
| INITIALS | | | | INITIALS | |



* IDENTIFY WOUND SITE BY NUMBER ON MAN.

**WOUND CARE INTERVENTIONS**
(All entries need to be listed and signed)

POD #

**Jackson 0106**

FORM #8403 (REV. 4/00)

 

CROZER
KEYSTONE
HEALTH SYSTEM

10011986972
JACKSON HAKIMI          B M
                  XXX-XX-2621
              3CY        MED

**PROGRESS NOTES**          PLEASE IMPRINT ADDRESSOGRAPH PLATE ON BOTH SIDES OF FORM

| DATE | TIME (MILITARY) | NOTE PROGRESS OF CASE, COMPLICATIONS, CHANGE IN DIAGNOSIS, CONDITION OF DISCHARGE, INSTRUCTIONS TO PATIENT |
|------|------|------|
| 8·15·09 | 0900 | Nsg: Rec'd pt. this am in bed c̄ se^n x4. State trooper at bedside. Pt requiring 4 pt soft restraints. |



noted. D. Palmieri RN

FORM #417 (REV. 08/05)          (CONTINUE ON OTHER SIDE)

**Jackson 0228**



**CROZER-KEYSTONE**
HEALTH SYSTEM

```
10011986972
JACKSON ,HAKIMI        B M
                       XXX-XX-2621
                   3GY      MED
            TC CA 08/14/09
```

PLEASE IMPRINT ADDRESSOGRAPH PLATE ON BOTH SIDES OF FORM

### PROGRESS NOTES

| DATE | TIME (MILITARY) | NOTE PROGRESS OF CASE, COMPLICATIONS, CHANGE IN DIAGNOSIS, CONDITION OF DISCHARGE, INSTRUCTIONS TO PATIENT |
|------|-----------------|---|
| 8-15-09 | 2030 | Nsg: Pt. sedated c̄ Fentanyl 25mcg & Ativan 1mg around 8³⁰am. Pt. was moaning & pulling c̄ restraints. State trooper at bedside notifies ne that a judge was on his way to the hospital for bedside assaingment & pt. needed to be awake. Pt. was given narcan & romnicon to reverse Fentanyl & Ativan affect. Pt. given narcan x's 4 dose & romnicon x 3 dose. Pt. did not respond. |

Redacted

Jackson 0232

(BEGIN WRITING AT THIS END)

NOTE PROGRESS OF OASE, COMPLICATIONS, CHANGE IN DIAGNOSIS
CONDITION ON DISCHARGE, INSTRUCTIONS TO PATIENT

10011986972
JACKSON ,HAKIMI          B M
                    XXX-XX-2621
09/22/1978    30Y        MED
HOSP DEDICATED TO CA 08/14/09

Redacted

stable at this time. 1) Galucci

PROGRESS RECORD

**Jackson 0233**