IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAJI MUHAMMAD, individually and as Administrator of the ESTATE of HAKIM JACKSON, Deceased**<br>**Plaintiff,** | : : : : : | |
| **v.** | : : | CIVIL ACTION |
| **FORMER PENNSYLVANIA STATE POLICE COMMISSIONER FRANK PAWLOWSKI, et al.,**<br>**Defendants.** | : : : : | NO. 2:11-cv-5004 |

## ORDER

AND NOW, this ___ day of _____, 2012, upon consideration of Plaintiff's

Motion for Leave to File a Sur-Reply, it is hereby **ORDERED** and **DECREED** that said

Motion is **GRANTED** and Plaintiff is granted leave to file the Sur-Reply attached to his

Motion.

BY THE COURT:

_____
Jones, II, C. Darnell  J.

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NAJI MUHAMMAD, individually and as Administrator of the ESTATE of HAKIM JACKSON, Deceased Plaintiff, | : : : : : |  |
| v. | : : | CIVIL ACTION |
| FORMER PENNSYLVANIA STATE POLICE COMMISSIONER FRANK PAWLOWSKI, et al., Defendants. | : : : : : | NO. 2:11-cv-5004 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff, Naji Muhammad, individually and as Administrator of the Estate of Hakim Jackson, Deceased (hereafter, "Plaintiff"), through his attorneys, respectfully requests leave to file a Sur-Reply in response to the Reply submitted by Defendants Crozer-Chester Medical Center, Hussein Kiliddar, M.D., Kristin Varacalli, D.O. and Dawn Salvucci, R.N. (hereafter, "Moving Defendants") in support of their Motion to Dismiss (In Part) Plaintiff's Second Amended Complaint (hereafter, "Moving Defendants' Reply"). In Moving Defendants' Reply, Moving Defendants misinterpret and misapply case law cited by Plaintiff in his Opposition to the Motion to Dismiss and make incorrect factual assertions about Plaintiff's knowledge. Plaintiff seeks to file his Sur-Reply, which is attached hereto as Exhibit A, to address Moving Defendants assertions and to provide the Court with additional information regarding his interpretation of the medical records cited in Moving Defendants' Reply.

For the reasons stated above, Plaintiff respectfully asks this Court to grant him leave to file a Sur-Reply in response to Moving Defendants' Reply.

Respectfully submitted,
**TUCKER LAW GROUP, LLC**

/s/Riley H. Ross III
By:     Joe H. Tucker, Jr., Esquire
        Yvonne Barnes Montgomery, Esquire
        Kathleen Kirkpatrick, Esquire
        Riley H. Ross III, Esquire
        One Penn Center at Suburban Station
        1617 JFK Blvd., Suite 1700
        Philadelphia, PA  19103
        (215) 875-0609

January 31, 2012         **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Plaintiff's

Motion for Leave to File A Sur-Reply to be served via ECF upon the following:

Amalia V. Romanowicz, Esquire
Post & Schell P.C.
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
aromanowicz@postschell.com
*Attorneys for Defendants Crozer-Chester, Salvucci, Varacalli, and Kiliddar*

Randall J. Henzes, Esquire
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
rhenzes@attorneygeneral.gov
*Attorney for Defendants McKeon, Yingling, Zachariah, Young, Reilly and Laufer*

Additionally, a true and correct copy of the foregoing Motion was delivered by

First Class Mail to the following:

Former State Police Commissioner Frank Pawlowski
112 Biddle Drive
Exton, PA 19341

/s/ Riley H. Ross III
Riley H. Ross III

Dated: January 31, 2012

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAJI MUHAMMAD, individually and :
as Administrator of the ESTATE of :
HAKIM JACKSON, Deceased :
            Plaintiff, :
             :
             :
        v. :     CIVIL ACTION
             :
FORMER PENNSYLVANIA :     NO. 2:11-cv-5004
STATE POLICE COMMISSIONER :
FRANK PAWLOWSKI, et al., :
            Defendants. :
             :

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOUND AT DOCKET NOS. 73 AND 74

Defendants Crozer-Chester Medical Center, Kristin Varacalli, D.O., Hussein

Kiliddar, M.D., and Dawn Salvucci, R.N. (hereafter, "Moving Defendants") filed a Reply

in support of their Motions to Dismiss Plaintiff's Second Amended Complaint (hereafter,

"Moving Defendants' Reply") that fails badly in its latest attempt to create requirements

under the relation back provision of Rule 15(c) that simply do not exist.[1]  Tellingly, the

Moving Defendants' Reply completely abandons Moving Defendant's previous

argument that a plaintiff must designate and describe a would-be defendant in his or her

initial complaint in order to satisfy Rule 15(c).  Instead, Moving Defendants' Reply

attempts to establish that Plaintiff did not make an error or "mistake" in identifying

Defendant Salvucci when in his initial Complaint.  However, whether Plaintiff made an

error as to Defendant Salvucci is not the issue in this matter.  Instead, the focus under

the Rule 15(c) is on what Defendant Salvucci knew and whether she had timely notice

---

[1] Moving Defendants' Reply relates solely to the claim that Plaintiff's claims in his
Second Amended Complaint should not relate back to Defendant Salvucci.

of this lawsuit.  Because Plaintiff established such timely notice in his Opposition ("Plaintiff's Opposition"), Moving Defendants' Reply offers no support for their Motion to Dismiss and the Motion should therefore be denied.

Moving Defendants highlight the cases cited by Plaintiff in Plaintiff's Opposition and endeavor to show how that the cases are inapposite to the application of Rule 15(c) in this matter.  However, Moving Defendants make the gaffe of adducing that because certain mistakes were made by the plaintiffs in these cases as to the identity of would-be defendants that Rule 15(c) therefore *requires* that plaintiff show that he was mistaken as to the would-be defendants' identity.  However, this leap-of-faith logic completely ignores the actual holding in each case that directs courts and litigants to focus their attention on what the *defendant* knew and to divert it from what the plaintiff knew.  Specifically, Moving Defendants substitute the facts of each case cited by Plaintiff in his Opposition for their holdings to try to convince this Court that their position is correct.

For example, Moving Defendants assert that the plaintiff in *Heinly v. Queen*, 146 F.R.D. 102 (E.D. Pa. 1993), sought to add "new identified police officer defendants **in lieu of 'John Doe Officers Q through Z'**."  Moving Defendants' Reply at 2 (emphasis in original).  These facts are offered to support Moving Defendants' argument that whether or not a plaintiff made a mistake as to the identity of the would-be defendant is central to implementing the relation back doctrine.  However, Moving Defendants completely ignore the holding in the case that explicitly rejects the notion that such a mistake is required: "The 'mistake condition' in third element is not limited to cases of misnamed or misdescribed parties, rather the Rule is widely-understood to allow the

2

addition of new parties that were *never originally named or described.*" *Id.* (emphasis

added). Clearly, the words "never originally named or described" indicate that a plaintiff

is not required to prove that he or she made a mistake in naming the would-be

defendant in the initial complaint.

Moving Defendants' reliance on *Taliferro v. Costello*, 467 F. Supp. 33 (E.D. Pa.

1979), fares no better. Moving Defendants ignore the Court's focus on the notice given

to the would-be defendant and its holding that "[the mistake] aspect of 15(c) seems

designed to insure that, prior to the expiration of the limitations period, the new

defendant knew (or should have known) that his joinder was a distinct possibility."

Instead, Moving Defendants look to the facts of the case and wrongly assert that

plaintiff's mistake in pleading led to the implementation of the relation back doctrine.

Moving Defendants' Reply at 2.

Likewise, in citing *Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc.*, 801

F. Supp. 1450 (E.D. Pa. 1992), Moving Defendants assert that the fact that an error in

"legal judgment" led the plaintiff to seek to employ the relation back doctrine means that

a mistake such as "legal judgment" must be present to apply the doctrine. However,

Moving Defendants again ignore the holding of the case, which explicitly eliminates a

"mistake on the part of plaintiff" requirement and instead directs courts and litigants to

focus on the notice given to the would-be defendant:

> [A] narrow reading of the phrase ['a mistake concerning the
> identity of the proper party'] would wrongly divert attention
> from *the "central element" of* notice. The "mistake" condition
> does not isolate a specific type or form of error in identifying
> parties, but rather is concerned fundamentally with the *new
> party's awareness* that failure to join it was error rather than
> a deliberate strategy. . . . In this sense, the mistake
> condition, though not subsumed by the notice condition, is

"intertwined" with it.

*Id.* at 1457 (emphasis added).

*Advanced Power Systems'* explanation that the "mistake condition" and the

"notice condition" are intertwined is extremely instructive here as Moving Defendants

miss the point that the focus of the relation back analysis is on whether the newly-added

party knew or should have known that the lawsuit was intended for him or her and not

on what the plaintiff knew or what descriptions were given in the initial complaint.

Moving Defendants' confusion is readily apparent in their conclusion that the Supreme

Court in *Krupski v. Costa Crociere S.P.A.*, 130 S. Ct. 2485 (2010) "found that the

mistake requirement was satisfied because the plaintiff made a mistake as to the

intended defendant's identity (the owner) and, as a result, sued the wrong party."

Moving Defendants' Reply at 4.  The mistake requirement was not satisfied simply

because the plaintiff made a mistake as to the identity of the would-be defendant, but

because the plaintiff's misunderstanding offered proof of what the would-be defendant

knew, i.e., that the would-be defendant had notice.  As the Court held in *Krupski*,

"[i]nformation in the plaintiff's possession is relevant *only* if it bears on the defendant's

understanding of whether the plaintiff made a mistake regarding the proper party's

identity.  For purposes of that inquiry, it would be error to conflate knowledge of a party's

existence with the absence of mistake."  *Id.* at 2493-94 (emphasis added).

Moving Defendants also argue that Plaintiff was aware of Defendant Salvucci's

existence and role before the expiration of the statute of limitations and because no

attempt was made to name her in the initial Complaint, the relation back doctrine should

not apply here.  In doing so, Moving Defendants completely ignore *Krupski's* explicit

4

warning against conflating Plaintiff's knowledge of Defendant Salvucci with the absence of a mistake.

Additionally, Moving Defendants' claim that Plaintiff chose to not name Defendant Salvucci in the initial Complaint is baseless and flat out wrong.  Plaintiff was not aware of Defendant Salvucci's existence and role in the harm to Decedent before the statute of limitations expired.  Moving Defendants offer portions of Decedent's medical records to support their position.  While these medical records may have significant meaning to Moving Defendants given that they created the records and are medical professionals, the records do not indicate to Plaintiff or to anyone outside of the medical profession that a nurse named Dawn Salvucci conspired with a State Trooper to awaken Decedent for no medical purpose.  Indeed, the name "Salvucci" is illegible in most of the records offered by Moving Defendants and no record establishes or even hints that Defendant Salvucci told Defendant Varacalli about the desire to awaken Decedent for arraignment as learned by Plaintiff after the statute of limitations expired. Plaintiff's Opposition at 9-10.  Nor do the medical records explicitly indicate that Defendant Salvucci administered four doses of Narcan and five doses of Flumazenil between 11:15 a.m. and 11:28 a.m. to counter the effects of the medically necessary sedation drugs previously administered to Decedent, as alleged by Plaintiff in his Second Amended Complaint.  Second Amended Complaint at ¶ 49.[2]

_____

[2] Even if the records offered by Moving Defendants are suggestive of Defendant Salvucci's role in Plaintiff's claims, Rule 15(c) would still apply.  In *Krupski*, the Supreme Court explained that Rule 15(c)(1)(C) was added to address problems occurring in Social Security suits against the Government wherein plaintiffs commonly named the wrong party.  The Court held that "[i]t is conceivable that the Social Security litigants knew or reasonably should have known the identity of the proper defendant either because of documents in their administrative cases or by dint of the statute setting forth

Moving Defendants' repeated attempts to place the emphasis a of relation back analysis on the plaintiff's knowledge rather than the notice received by the would-be defendant ignores the purpose of the relation back doctrine.  As the *Krupski* Court explained, "the purpose of relation back [is] to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."  130 S. Ct. at 2494.  Because Defendant Salvucci had proper and timely notice of this lawsuit, as established in Plaintiff's Opposition, the relation back doctrine applies and the claims against Defendant Salvucci should relate back to the initial Complaint.  As such, Moving Defendants' Motion to Dismiss should be denied.

> Respectfully submitted,
> **TUCKER LAW GROUP, LLC**
>
> /s/Riley H. Ross III
> By:   Joe H. Tucker, Jr., Esquire
>       Yvonne Barnes Montgomery, Esquire
>       Kathleen Kirkpatrick, Esquire
>       Riley H. Ross III, Esquire
>       One Penn Center at Suburban Station
>       1617 JFK Blvd., Suite 1700
>       Philadelphia, PA  19103
>       (215) 875-0609
>       **Attorneys for Plaintiff**

January 31, 2012

---

the filing requirements. Nonetheless, the Advisory Committee clearly meant their filings to qualify as mistakes under the Rule."  130 S. Ct. at 2495.