IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAJI MUHAMMED, individually and as Administrator of the ESTATE of HAKIM JACKSON, Deceased, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 11-5004 |
| v. | : : | |
| FORMER PENNSYLVANIA STATE POLICE COMMISSIONER FRANK PAWLOWSKI, *et al.*, | : : : : | |
| Defendants. | : | |

**JONES, II, U.S.D.J.**                                                                                   **March 7, 2012**

**<u>MEMORANDUM</u>**

**I.     Introduction**

        This matter arises from the death of Plaintiff's son, Hakim Jackson ("Decedent"), after his detention by Pennsylvania State Troopers and treatment at Crozer-Chester Medical Center ("Crozer-Chester"). Plaintiff alleges that Pennsylvania State Troopers assaulted Decedent after a traffic stop of the motor vehicle in which he was a passenger. Plaintiff also alleges that after Decedent was transported to Crozer-Chester and placed in the care of its medical professionals, those personnel improperly acted in concert with law enforcement officials to reverse Decedent's medically induced sedation for the purpose of effectuating an arraignment. Plaintiff contends that the decision to reverse Decedent's sedation offered no medical benefit and ultimately led to Decedent's preventable death.

1

Plaintiff filed a Complaint on August 3, 2011, and filed an Amended Complaint on September 21, 2011. The Amended Complaint asserted, *inter alia*, civil rights claims under 42 U.S.C. § 1983 against named and unnamed individuals, including Defendants Crozer-Chester and Kristin Varacalli, D.O. ("Varacalli"). On December 15, 2011, with the permission of the Court, Plaintiff filed a Second Amended Complaint ("S.A. Complaint"), substituting certain parties and adding Dawn Salvucci, R.N., as a Defendant ("Salvucci"). Defendants Crozer-Chester, Varacalli and Salvucci have filed a Motion to Dismiss in Part (Docket No. 73). Defendant Hussein Kiliddar ("Kiliddar") has also filed a Motion to Dismiss in Part (Docket No. 74).[1] In these Motions, the Moving Defendants request that the Court: (1) dismiss Defendant Salvucci from this action; (2) dismiss Defendant Kiliddar from this action; (3) dismiss Count Two of the S.A. Complaint against the Moving Defendants; and (4) dismiss the claims for punitive damages against Moving Defendants and strike related allegations of reckless or malicious conduct. Plaintiff opposes the Motions to Dismiss in all respects.[2] For the reasons

---

[1] It is unclear why counsel filed these motions separately, especially because the lengthy briefs are identical except for the discussion in Section II as to application of the "relation-back" doctrine. This unfortunate choice has necessitated separate but mostly repetitive responses. For the sake of judicial economy, I discuss the Motions together. Defendants Salvucci, Kiliddar, Crozer-Chester, and Varacalli are hereinafter referred to as the "Moving Defendants."

[2] In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted

stated herein, the Motions shall be denied.

## II. Discussion

### 1. Rule 15 and the Relation-Back Doctrine

A plaintiff may only add a new claim or name a new party after the statute of limitations has expired if the plaintiff demonstrates that the new claims or parties relate back to the filing date of the original complaint. Estate of Grier ex rel. Grier v. Univ. of Pa. Health Sys., No. 07-4224, 2009 WL 1652168, at *2 (E.D. Pa. June 11, 2009). Under Fed. R. Civ. P. 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). In other words, to add or substitute a new party, a plaintiff must:

---

unlawfully." Iqbal, 129 S.Ct. at 1949. Accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

3

>establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original complaint; that within the 120-day time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint.

Estate of Grier, 2009 WL 1652168 at *3; Brown v. City of Phila., No. 09-5157, 2010 U.S. Dist. LEXIS 44780, at *9 (E.D. Pa. May 7, 2010); Stewart v. Phila. Housing Auth., 487 F. Supp. 2d 584, 589 (E.D. Pa. 2007); Wine v. EMSA Ltd. Pship, 167 F.R.D. 34, 36-38 (E.D. Pa. 1996).[3]

The "mistake" element does not require an actual mistake in the colloquial sense. Rather, the inquiry focuses on whether the newly-added party knew or should have known that the lawsuit was intended for him or her. Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2490 (2010) ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."); Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977) (holding that the "mistake" element of Rule 15(c) was satisfied because, *inter alia*, the defendant knew that if the plaintiff originally knew his identity, the defendant would have been one of the persons sued); Siciliano v. City of Philadelphia, No. 09-5270, 2010 U.S. Dist. LEXIS 78658, *6 (E.D. Pa. Aug. 2, 2010) (internal citation omitted) ("In evaluating the notice requirements, the focus is on what the defendants to be added knew or should have known, not what the plaintiffs knew or when they took action to move to amend. The knowledge of the amending party is not a factor in a Rule 15(c)(1)(C) analysis."); Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc., 801 F. Supp. 1450, 1457 (E.D. Pa. 1992) ("A literal reading of ["mistake

---

[3] Plaintiff bears the burden of proof as to these requirements. Hurst v. Beck, No. 91-2492, 1992 WL 189496, *2 (E.D. Pa. Aug. 3, 1992).

concerning identity"] might suggest that only misnamed or misdescribed parties fall with the ambit of rule 15(c). ... [Limiting the rule to cases of misnomer] would contravene the widely-held understanding that this rule allows, in certain circumstances, the addition of new parties that were never originally named or described."). Therefore, the Court's focus is properly on what Salvucci knew or should have known, not what Plaintiff knew.

There are several types of notice. There is, of course, actual notice. There is also imputed notice. The Third Circuit has recognized two methods of imputing notice to an individual defendant. First, notice may be imputed by the "shared attorney" method – whereby the individual, previously unnamed defendant received timely notice because of sharing an attorney with an originally named defendant. For this to be valid, an allegation that counsel "must have" interviewed the party to be named is insufficient; rather, there must be representation by the shared counsel within the 120-day period. Garvin v. City of Phila., 354 F.3d 215, 223 (3d Cir. 2003). In other words, the test "is not whether new defendant[ ] *will* be represented by the same attorney, but rather whether the new defendant[ ] [*is*] being represented by the same attorney." Id. (citation omitted) (emphasis in original). Second, notice may be imputed by the "identity of interest" method – whereby the individual defendant received timely notice because he had an identity of interest with an originally named defendant. Brown, 201 U.S. Dist. LEXIS 44780 at *11-*12 (citing Singletary v. Pa. Dept. of Corrections, 266 F.3d 186, 196 (3d Cir. 2001)).

    A.    Defendant Salvucci

In the Second Amended Complaint, Plaintiff added Salvucci as a Defendant and brought a claim against her for violation of Decedent's rights pursuant to 18 U.S.C. § 1983, as

well as claims for professional liability, wrongful death, and survival. These claims each have a two-year statute of limitations. 42 Pa. C.S.A. § 5524; Wilson v. Garcia, 471 U.S. 261, 266-67 (1985), superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78 (2004). Plaintiff asserts that these claims may proceed because, under Rule 15(c), they should be deemed as "relating back" to the original Complaint filed on August 3, 2011. Salvucci contends that these claims cannot be "related back" to the original Complaint.

Under the analytical rubric explained *supra*, Plaintiff contends that Salvucci had both actual and imputed notice sufficient to allow "relation back." I concur. After a series of discovery exchanges with Defendant Varacalli (and exchange of several discovery responses in which Varacalli identified Salvucci as a nurse who was involved with the Decedent's treatment), Plaintiff deposed Salvucci on November 30, 2011. This was 119 days after the original complaint was filed in this matter. Accordingly, Salvucci had timely actual notice of the subject matter and claims involved in the instant action. Indeed, this Court has previously highlighted the fact that even a properly served *notice* of a deposition would constitute actual notice. Brown, 2010 U.S. Dist. LEXIS 44780, at *18. Furthermore, Salvucci was represented at her deposition by Ms. Amalia Romanowicz of Post & Schell. Ms. Romanowicz and her firm had previously entered their appearance on behalf of other named Defendants Crozer-Chester and Varacalli on August 24, 2011.[4] This clearly satisfies the "shared attorney" method of imputed notice.[5]

---

[4] Indeed, it is the same shared counsel who has now authored the instant Motion on behalf of *all* the Moving Defendants.

[5] It is not outcome determinative that Plaintiff did not substitute Salvucci for a specific "John Doe" defendant. See Brown, 2010 U.S. Dist. LEXIS 44780 at *9 ("To add *or* substitute a new party...") (emphasis added); Singletary, 266 F.3d at 200 (noting that Rule 15(c)(1) addresses an amended complaint which adds *or* changes a party); Heinly v. Queen, 146 F.R.D. 102, 107

Accordingly, Salvucci received notice more than sufficient to allow Plaintiff to add her as a Defendant under the "relation back" doctrine contemplated in Rule 15(c).

### B. Defendant Kiliddar

In the Second Amended Complaint, Plaintiff substituted Kiliddar as a Defendant in the stead of placeholder "John Doe Attending Physician," and brought the same claims as against Salvucci for violation of Decedent's rights pursuant to 18 U.S.C. § 1983, as well as professional liability, wrongful death, and survival. As previously discussed, these claims each have a two-year statute of limitations. Plaintiff asserts that these claims may proceed because, under Fed. R. Civ. P. 15(c), they should be deemed as "relating back" to the original complaint filed on August 3, 2011. Kiliddar contends that these claims cannot be "related back" to the original Complaint.

Under the analytical rubric discussed *supra*, Plaintiff contends that Kiliddar had both actual and imputed notice sufficient to allow "relation back." I agree. In September 2011, Defendant Varacalli responded to an interrogatory request from Plaintiff by identifying "Dr. Husein [sic] A. Kiliddar" as the supervising physician at the time the decision was made to reverse Decedent's sedation. As mentioned, Ms. Romanowicz of Post & Schell already represented Defendants Varacalli and Crozer-Chester at that time. On October 24, 2011, Ms. Romanowicz acceded to Plaintiff's request to substitute Defendant Kiliddar for the "John Doe

---

(E.D. Pa. 1993) ("The 'mistake condition' in third element is not limited to cases of misnamed or misdescribed parties; rather the Rule is widely understood to allow the addition of new parties that were never originally named *or described*.") (emphasis added) (citing Advanced Power Systems, 801 F. Supp. at 1457).

7

Attending Physician" and to accept service on his behalf.[6]  See Ex. C to Pl's Resp. Brief.  This occurred 82 days after the filing of the original Complaint.  At that point, Ms. Romanowicz was "likely to have communicated to [Kiliddar] that he may very well be joined in the action." Garvin, 354 F.3d at 223 (citing Singletary, 266 F.3d at 196).  Plaintiff subsequently sent a copy of the Complaint and Amended Complaint to Kiliddar via Ms. Romanowicz, which *explicitly informed* Kiliddar that he would be named as a Defendant.  See Ex. D to Pl's Resp. Br.  This occurred 112 days after the filing of the original Complaint.  These occurrences clearly demonstrate that Kiliddar had both actual notice and imputed notice via the "shared attorney" method.  Accordingly, Kiliddar received notice more than sufficient to allow Plaintiff to add him as a Defendant under the "relation back" doctrine contemplated in Rule 15(c).[7]

---

[6] See note 3, *supra*.

[7] It is somewhat curious that counsel has elected to make a relation-back argument concerning Defendant Kiliddar, as the substitution of an actual doctor for a "John Doe" doctor – especially after specific acquiescence by defense counsel – is *precisely* the type of situation envisioned by Rule 15(c), and because Kiliddar can not make a credible assertion of prejudice. Perhaps grasping for a cogent rationale, Kiliddar focuses on whether or not Plaintiff should have been able to divine from medical records turned over in discovery that he was the "John Doe Attending" (in other words, by positing that Plaintiff did not have an "excuse" for using the "John Doe" placeholder).  However, as discussed *supra*, it is the knowledge of the Defendant, *not* the Plaintiff, that is properly the focus of the Court's inquiry.  See Siciliano, 2010 U.S. Dist. LEXIS 78658 at *6 ("The knowledge of the amending party is not a factor in a Rule 15(c)(1)(C) analysis ... we look to what the intended defendant[ ] knew or had reason to know.") (citing Krupski, 130 S. Ct. at 2489).  Even if it were necessary to reach the question of Plaintiff's knowledge, however, the sample medical records offered to the Court are varied, sometimes disjointed, somewhat confusing, and at times illegible.  Furthermore, the records sometimes only use generic terms such as "attending" or "specialist."  Finally, it is undisputed that Decedent was treated by more than one attending physician during his time at Crozer-Chester.  Indeed, the fact that Plaintiff did not even identify Kiliddar as his "Attending Physician" in his Initial Disclosures (instead, describing Kiliddar as a physician who may have information about some tests) buttresses Plaintiff's contention that he was only fully informed as to Kiliddar's role as his attending physician after subsequent discovery and analysis.  See Ex. D to Def's Br.; Exs. F, G to Pl's Resp. Br.  The original Complaint explicitly asserted claims against a placeholder defendant

2. Section 1983 Claim

"To state a conspiracy claim under [Section] 1983, a plaintiff must allege (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Gerhart v. Commw. of Pa., No. 09-1145, 2009 U.S. Dist. LEXIS 73842, *22 (E.D. Pa. Aug. 19, 2009) (citing Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000)). A plaintiff must allege that there was an agreement, understanding, or "meeting of the minds" to violate the plaintiff's rights. Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970)). "A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." Gerhart, 2009 U.S. Dist. LEXIS 73842 at *23. The allegations must be particularized. M&M Stone Co. v. Comm. of Pa., No. 07-4784, 2008 U.S. Dist. LEXIS 76050, *64 (E.D. Pa. Sept. 29, 2008); Outterbridge v. Pa. Dep't of Corr., No. 00-1541, 2000 U.S. Dist. LEXIS 7762, *3 (E.D. Pa. June 7, 2000). "[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of [Section] 1983." Abbott v. Latshaw, 164 F.3d 141, 147-148 (3d Cir. 1998) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Adickes, 398 U.S. at 152). See also McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 524 (3d Cir. 1994) ("State action may be found if the private party has acted with the help of or in concert

---

which Plaintiff anticipated replacing with the actual allegedly culpable party upon identification. Rule 15(c) allows Plaintiff the opportunity to sort through these types of discovery and make substitutions for appropriate defendants if its requirements are met. Kiliddar's naked contentions as to Plaintiff's purportedly "dilatory motives" are unconvincing.

with state officials."); Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (holding that a plaintiff may recover under Section 1983 if he can show that a private actor reached an understanding with a state actor to deny the plaintiff his rights).

Upon careful consideration of the Amended Complaint, I find that Plaintiff has made factual allegations of conspiracy which are sufficient to survive a motion to dismiss as to the Moving Defendants.  The Amended Complaint alleges that the Moving Defendants allowed themselves to become part of an agreement to take medical steps to awaken Decedent for the purposes of an arraignment.  The Amended Complaint alleges the date, time, location, and object of the conspiracy, and the participants therein.  The Amended Complaint further sets forth instructions given by other alleged conspirators to the Moving Defendants, as well as the acts undertaken by the Moving Defendants in response (*i.e.*, the administration of repeated doses of Narcan and Flumazenil).[8]  See, e.g., S.A. Complaint ¶¶ 38-49; 115-17.  In sum, there is "enough factual matter (taken as true) to suggest that an agreement was made, in other words, plausible grounds to infer an agreement."  Mathis v. Cmty. Trans., Inc., No. 10-1399, 2011 U.S. Dist. LEXIS 124809, *15 (M.D. Pa. Oct. 28, 2011).[9]

---

[8] I concur with Plaintiff that the allegation that the police officers lied to the Moving Defendants about the cause of Decedent's injuries is largely irrelevant and at least not contradictory of the allegations that the police officers conspired with the Moving Defendants to reverse Decedent's sedation.  It is not the law that a plaintiff must allege conspirators be completely honest with each other; what matters is whether the allegations support a unity of purpose as to the object of the alleged concerted effort.

[9] This matter is distinguishable from Wnek v. City of Philadelphia, No. 05-3065, 2006 U.S. Dist. LEXIS 43999 (E.D. Pa. 2006).  In Wnek, the plaintiff alleged that nurses did not protect a patient when police officers threatened him.  Id. at *2.  The court found that there were no allegations of any understanding between the medical personnel and the hospital as to actions that would result in the denial of a right.  Id. at *5-*6.  In other words, the Court found that there were no allegations that the medical personnel acted in "willful concert" with the police officers.

I also find that the Amended Complaint makes it sufficiently clear that Plaintiff alleges the conspiracy violated Decedent's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.  See, e.g., S.A. Complaint ¶¶ 113-115.  These theories of liability are cognizable at law.  See Schneyder v. Smith, 653 F.3d 313 (3d Cir. 2011) (continuing seizure doctrine); County of Sacramento v. Lewis, 523 U.S. 833, 846 (U.S. 1998) (action which shocks the conscience can amount to a substantive due process violation).

3. Punitive Damages

Where there is a claim under Section 1983, punitive damages may be awarded "where the defendants have acted with a reckless or callous disregard of, or indifference to, the rights and safety of others."  Keenan v. City of Phila., 983 F.2d 459, 469-470 (3d Cir. 1992) (citing Bennis v. Gable, 823 F.2d 723, 734 (3d Cir. 1987)).  See also Cochetti v. Desmond, 572 F.2d 102, 106 (3d Cir. 1978) ("It is sufficient for the plaintiff to show either that the defendant acted ... with actual knowledge that he was violating a right 'secured by the Constitution and laws,' or that the defendant acted with reckless disregard of whether he was thus violating such a right.") (citing Adickes, 398 U.S. at 233).

Where there is a claim under Pennsylvania law, punitive damages are appropriate only under limited circumstances where there is outrageous conduct because of "evil motives" or "reckless indifference."  RESTATEMENT (SECOND) OF TORTS § 908(2) (2011); Martin v. Johns–Manville Corp., 494 A.2d 1088 (Pa. 1985); Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984); Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963).  There must be factual

---

Id. at *4-*5.  This is not the case here, where Plaintiff alleges that police officers and the Moving Defendants acted in concert to reverse Decedent's sedation for the purposes of effectuating an arraignment.

11

averments in a complaint which support the description of a defendant's alleged reckless conduct.  Sean v. Okuma Mach. Tool, Inc., Civ. No. 93-3512, 1993 WL 501853, *1 (E.D. Pa. Dec. 1, 1993).  More specifically, a plaintiff must allege facts supporting a claim of outrageous conduct done in disregard of a risk known to plaintiff or so obvious that plaintiff must have been aware of the risk, and so great as to make it highly probable that harm would follow.  Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005); Smith v. Brown, 423 A.2d 743, 745 (Pa. Super. Ct. 1980).

      Here, Plaintiff has alleged, *inter alia*, that the Moving Defendants participated in a course of medical treatment which:  (1) culminated in the reversal of Decedent's sedation for law enforcement rather than medical purposes, and (2) resulted in Decedent's death.  I conclude that Plaintiff has alleged sufficient facts to plead recklessness sufficient to justify a claim for punitive damages as to Plaintiff's state law claims against the Moving Defendants.  I also conclude that Plaintiff has alleged sufficient facts to plead deliberate and outrageous conduct as relevant to Plaintiff's claim for punitive damages for the Section 1983 claim against the Moving Defendants.  As a result, I will not strike Plaintiff's allegations as to "reckless," "malicious," or "intentional" conduct.

**III.   Conclusion**

      The Motions will be denied.  An appropriate Order follows.